590 So.2d 1032 (1991)
Larry James KING, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3067.
District Court of Appeal of Florida, First District.
December 13, 1991.
*1033 Kathryn Hathaway Kehoe, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, defendant below, was convicted of possession of cocaine and sentenced to four and one-half years in prison. He appeals both the conviction and the sentence. The arguments addressed to the conviction require neither reversal nor discussion. However, one of the arguments addressed to the sentence does have merit, and requires that we vacate the sentence and remand for further proceedings.
The trial court found appellant to be an habitual felony offender, and sentenced him as such. At the hearing held to determine whether appellant qualified as an habitual felony offender, the state established that appellant had previously been convicted of at least six felonies. However, all of the prior felony convictions had occurred more than five years before appellant had committed the offense for which he was being sentenced. Therefore, in an attempt to satisfy the requirements of Section 775.084(1)(a)2., Florida Statutes (1989), the state presented evidence that "[t]he felony for which the defendant is to be sentenced was committed ... within 5 years of the defendant's release ... from a prison sentence or other commitment imposed as a result of a prior conviction for a felony... ."
The state's evidence as to appellant's release date for appellant's last prior felony conviction consisted only of the testimony of a parole and probation officer, who testified that appellant had been released from prison on a date less than five years before the date on which appellant had committed the offense for which he was being sentenced. On cross-examination, however, it became apparent that the officer's testimony was based entirely upon a Department of Corrections computer printout; that the officer was not the "custodian" of such records; and that he had no knowledge regarding the method of preparation or the reliability of the printout. Appellant's counsel objected that the officer's testimony regarding appellant's release date was inadmissible hearsay. However, the trial court overruled the objection. This was error.
To overcome a hearsay objection to the officer's testimony, the state was obliged to comply with Section 90.803(6) of the Florida Evidence Code. The state failed to do so, because the officer was neither the "custodian" of the printout nor otherwise qualified to testify as to its method of preparation and reliability. Therefore, the trial court should have sustained the hearsay objection. See Cofield v. State, 474 So.2d 849 (Fla. 1st DCA 1985); Pickrell v. State, 301 So.2d 473 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 585 (Fla. 1975). Without the improperly admitted testimony, the evidence is legally insufficient to support the trial court's finding that appellant is an habitual felony offender. Accordingly, we are compelled to vacate appellant's sentence, and to remand to the trial court for resentencing. On remand, there is nothing to prevent the state from again seeking to establish that appellant is an habitual felony offender; or to prevent the trial court from again finding that appellant is an habitual felony offender, and sentencing him as such, assuming that the evidence is legally sufficient to support such a finding. See Doggett v. State, 584 So.2d 116 (Fla. 1st DCA 1991).
CONVICTION AFFIRMED; SENTENCE VACATED; and REMANDED with directions.
ALLEN, KAHN and WEBSTER, JJ., concur.