PER CURIAM.
In this direct criminal appeal, appellant seeks review of his conviction of purchase of cocaine, and of his sentence as an habitual felony offender. We find the challenges raised to the conviction to be without merit, and affirm the conviction without further discussion. However, because the trial court failed to make all of the findings necessary to support a sentence as an habitual felony offender, we are constrained to reverse appellant’s sentence and to remand for resentencing.
Among the conditions precedent to imposition of a sentence as an habitual felony offender are findings that “[t]he defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses”; and that “[t]he felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified *94 offense, whichever is later.” § 775.-084(l)(a)l. & 2., Fla.Stat. (1991). The record contains no such findings by the trial court.
There is an indication in the record that, at the sentencing hearing, the state offered certified copies of prior felony convictions into evidence. However, no such documents appear in the record; nor did the trial court find during the sentencing hearing that appellant had committed any such offenses. The trial court did enter a written “Order Determining Habitual Felony Offender.” That Order contains the finding that:
1.The Defendant has previously been convicted of two (2) or more felonies in this state, to-wit:
1. Possession of Marijuana less than 20 grams, 2 Counts; Case No. [sic], Escam-bia County, FL; July 31, 1980;
2. Possession of Cocaine, Case No. 87-5254, Leon County, FL; May 25, 1988; and
3. Possession of Paraphernalia, Case No. 87-5254, Leon County, FL; May 25, 1988.
However, of the three prior offenses listed, only possession of cocaine is a felony. § 893.13(l)(f), Fla.Stat. (1987). Possession of less than twenty grams of marijuana and possession of drug paraphernalia are both misdemeanors. § 893.13(l)(f), Fla. Stat. (1979); § 893.147(1), Fla.Stat. (1987).
Because the trial court failed to make the findings required by section 775.084(l)(a)l. and 2., Florida Statutes (1991), we reverse appellant’s sentence and remand for resen-tencing. On remand, the trial court may again sentence appellant as an habitual felony offender if it makes all of the required findings, and the evidence supports those findings. E.g., King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN, BOOTH and WEBSTER, JJ., concur.