853 So.2d 551 (2003)
Simon Dwayne SINCLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2599.
District Court of Appeal of Florida, First District.
August 29, 2003.
Nancy A. Daniels, Public Defender, Glenn P. Gifford and Phil Patterson, Assistant Public Defenders, Tallahassee, for Appellant.
*552 Charlie Crist, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Simon Sinclair appeals the sentences imposed upon him as a prison releasee reoffender (PRR), contending that the sentences were based exactly on the same evidence, admitted over objection, that this court had previously decided was insufficient to support such sentences. See Sinclair v. State, 812 So.2d 594 (Fla. 1st DCA 2002) (Sinclair I). We agree and once again reverse the sentences and remand the case for resentencing.
In Sinclair I, this court affirmed appellant's convictions, but reversed and remanded for resentencing, because the state had failed to offer legally sufficient evidence to support the imposition of sentences under the PRR act.[1] The state had relied solely on hearsay evidence regarding appellant's release date from prison, and had failed to prove through a fingerprint expert or otherwise that the prior convictions were appellant's, both of which were essential to the imposition of PRR sentences.[2] In Sinclair I, we cited Boyd v. State, 776 So.2d 317 (Fla. 4th DCA), review denied, 792 So.2d 1213 (Fla.2001); Randall v. State, 613 So.2d 93 (Fla. 1st DCA 1993); and King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991), as an aid to the state and trial court. Nevertheless, on remand, the state failed to cure these evidentiary errors in proof and the trial court again imposed PRR sentences based upon legally insufficient evidence.
In reversing appellant's sentences, we reject the state's argument that this case should be affirmed under Eutsey v. State, 383 So.2d 219 (Fla.1980), and Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984). Appellant's counsel in this case properly lodged objections based on the ground of hearsay as to the release date stated in the probation order allegedly signed by appellant[3] and the criminal judgment, due to the fact that the probation officer was not the custodian of the judgment, and on the ground that there was no proof that appellant was the same person named on the judgment for the prior convictions. The latter factual issue goes to the truth of the material relied upon for the imposition of the PRR sentences and distinguishes this case from Eutsey and Smith.
REVERSED and REMANDED for resentencing.
ERVIN, BARFIELD and ALLEN, JJ., concur.
NOTES
[1] § 775.082(9), Fla. Stat. (Supp.1998).
[2] These facts were not recited in Sinclair I. Rather, they are found in the record of the earlier case, and we of course may appropriately take judicial notice of the records in former appeals. See Barry Hinnant, Inc. v. Spottswood, 481 So.2d 80, 81 n. 1 (Fla. 1st DCA 1986).
[3] This probation order is not part of the record and does not appear to have been admitted into evidence.