871 So.2d 1025 (2004)
Gregory A. GLOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4802.
District Court of Appeal of Florida, First District.
April 30, 2004.
Nancy A. Daniels, Public Defender and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General and Felicia A. Wilcox, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Gregory A. Glover, appeals his conviction for armed robbery and his sentence of life without parole as a prison releasee reoffender (PRR). Appellant raises six allegations of error. We affirm appellant's conviction and find merit only in Appellant's allegation of sentencing error. We reverse and remand for resentencing.
Because the state relied solely on hearsay evidence regarding Appellant's release date from prison, it failed to prove an essential requirement for sentencing pursuant to the PRR Act. See § 775.082(9), Fla. Stat. (2000); see also Sinclair v. State, 853 So.2d 551 (Fla. 1st DCA 2003)(holding evidence was legally insufficient to support imposition of sentences under the PRR Act where state relied solely on hearsay evidence regarding defendant's release date from prison and failed to prove prior convictions were defendant's); King v. State, 590 So.2d 1032(Fla. 1st DCA 1991)(holding probation officer's testimony regarding defendant's release date based *1026 on a Department of Corrections computer printout, was inadmissible hearsay because officer was not the "custodian" of records and had no knowledge regarding the method of preparation or the reliability of the printout).
On remand, the trial court may again sentence Appellant as a PRR if it makes the required findings and the evidence supports those findings. Reversed and remanded for resentencing.
BARFIELD, KAHN and HAWKES, JJ., concur.