908 So.2d 1116 (2005)
Julian V. DESUE, IV, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1430.
District Court of Appeal of Florida, First District.
July 25, 2005.
Rehearing Denied August 25, 2005.
Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
We affirm Julian V. Desue, IV's convictions and sentences, including the life sentence for armed robbery the trial court had to impose upon finding that he was a prison releasee reoffender. See *1117 § 775.082(9)(a)(1.), Fla. Stat. (2004) ("`Prison releasee reoffender' means any defendant who commits . . . Robbery . . . within 3 years after being released from a state correctional facility. . . ."). In doing so, we reject his argument that using Department of Corrections (DOC) records to establish the date he was released from prison violated his right to confrontation as explicated in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
As an initial matter, we assume for purposes of decision that, like the Confrontation Clause it construes, the rule laid down in Crawford applies at sentencing. See Way v. State, 760 So.2d 903, 917 (Fla.2000) ("[T]he confrontation clause applies to sentencing proceedings."); Engle v. State, 438 So.2d 803, 814 (Fla.1983) ("If the defendant disputes the truth of a presentence report, he has the right to secure confrontation and cross-examination if he wishes to do so."); Glover v. State, 871 So.2d 1025, 1025 (Fla. 1st DCA 2004) ("Because the state relied solely on hearsay evidence regarding Appellant's release date from prison, it failed to prove an essential requirement for sentencing pursuant to the PRR Act.").
The particular record in question is a computer printout called a "Crime and Time Report." Appellant concedes that, when called upon to do so, the prosecution established the state law predicate[1] for admission of the "Crime and Time Report" as a business record. Compare Gray v. State, No. 1D04-3826, 910 So.2d 867, 2005 WL 1711746 (Fla. 1st DCA July 25, 2005) (vacating prison releasee reoffender sentence for failure to prove predicate for DOC document's admission). DOC's custodian of records, Diane Thompson, testified that the "Crime and Time Report" was an official document copied from DOC records, that an inmate's admit and release dates are recorded at or near the time the inmate is jailed or released, as the case may be, and that records of inmates' release dates are kept in the ordinary course of DOC's business.
We also note that DOC is "responsible for the inmates and for the operation of, and [has] supervisory and protective care, custody, and control of, all . . . matters connected with, the correctional system." § 945.04(1), Fla. Stat. (2004). In discharging its statutory duties, DOC may well be under a duty to make and keep records reflecting who is still in prison and who has been released.[2]
Citing Crawford, appellant argues that DOC's release date records are *1118 "clearly testimonial" and insists that the "fact that the DOC document may have been generally admissible under the state law exception to the hearsay rule did not satisfy appellant's right of confrontation under the federal constitution." Appellant thus argues in effect that Crawford requires, in order to establish the date of his release from prison, calling as a witness somebody who actually observed him leave the prison grounds. But, even if such a witness were available, relying solely on such testimony might make determinations of inmates' release dates less, not more, reliable in the run of cases.
Appellant goes so far as to argue that the "only reason for retaining records of a prisoner's release date after the sentence has been fully served[[3]] would be for subsequent use in litigation to prove eligibility for enhanced sentencing under recidivism statutes," so that a "declarant" with first hand knowledge of the release date must be made available for cross-examination at sentencing.
The very language of the opinion on which he relies refutes appellant's arguments. On Sixth Amendment grounds, the Crawford Court held "testimonial" hearsay inadmissible against a criminal defendant who had not been afforded an opportunity to cross-examine, or where the declarant was available to testify and be cross-examined at trial. 541 U.S. at 68, 124 S.Ct. 1354. But the Court was at pains to say that the prosecution's use of "nontestimonial" hearsay was not so restricted. While the Court "le[ft] for another day any effort to spell out a comprehensive definition of `testimonial,'" id., it did not procrastinate when it came to business records. These it excluded from the definition of "testimonial" in no uncertain terms, stating matter-of-factly that most hearsay exceptions cover "statements that by their nature [are] not testimonial  for example, business records." Id. at 56, 124 S.Ct. 1354. Nor are we concerned here with an affidavit prepared for use in a particular case masquerading as a business record. Compare Gray v. State, No. 1D04-3826, 910 So.2d 867, 2005 WL 1711746 (Fla. 1st DCA July 25, 2005); Belvin v. State, 30 Fla. L. Weekly D1421, ___ So.2d ___, 2005 WL 1336497 (Fla. 4th DCA June 8, 2005); Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005).
In sum, the Confrontation Clause does not require the exclusion of "nontestimonial" hearsay that falls, as do business records for which the predicate is proven under Florida law, within a firmly rooted exception to the rule excluding hearsay.
Affirmed.
ALLEN and WOLF, JJ., concur.
NOTES
[1] To establish that a document is a business record, the proponent must present testimony from a "qualified witness" as "to the method by which a particular record was entered" in order to establish that the record was made near the time of the occurrence in question by a person with knowledge of those matters, the record was kept in the course of regularly conducted activity and that it was made as a regular practice. Charles W. Ehrhardt, Florida Evidence § 803.6, at 785, 789, 791 (2004 ed.); see also § 90.803(6), Fla. Stat. (2004). Alternatively, "[s]ince July 1, 2003, it has also been possible to establish the predicate for business records `by a certification or declaration that complies with section [90.803(6)](c) and s. 90.902(11).' Ch.2003-259, § 2, at 1299, Laws of Florida." Gray v. State, No. 1D04-3826, at 4 n. 1, 910 So.2d at 869 n.1 (Fla. 1st DCA July 25, 2005).
[2] It is therefore possible that the State might have proven DOC's records admissible as official public records, under section 90.803(8), Florida Statutes (2004). Although we need not decide the issue, the question is whether DOC's release records involve "matters observed pursuant to duty imposed by law as to matters which there was a duty to report." § 90.803(8), Fla. Stat. (2004). But see generally Kimbrough v. State, 852 So.2d 335, 335-36 (Fla. 5th DCA 2003) (holding records inadmissible because the State "failed to establish that the records were generated by a person who had personally observed or had personal knowledge of the events depicted in the records").
[3] Neither allegation nor proof below suggested that Mr. Desue had "fully served" the sentence from which he was released before perpetrating the armed robbery that led to the life sentence in the present case.