910 So.2d 867 (2005)
Maurice Keith GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3826.
District Court of Appeal of Florida, First District.
July 25, 2005.
*868 Nancy A. Daniels, Public Defender; G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On direct appeal, Maurice Keith Gray contends that the trial court erred in sentencing him as a prison releasee reoffender because the State adduced only hearsay to prove the date of his release from prison. We accept this contention, vacate his sentence, and remand for resentencing.
In order to impose a prison releasee reoffender (PRR) sentence, the sentencing court had to find that Mr. Gray had been released from prison no more than three years before he committed the robbery for which the prison releasee reoffender sentence was imposed. See § 775.082(9)(a)(1.), Fla. Stat. (2003) ("`Prison releasee reoffender' means any defendant who commits, or attempts to commit [specified crimes, including robbery] within 3 years after being released from a state correctional facility. . . ."). Unless the defendant admits that his crime occurred within three years of his release from prison, proof of the release date is "an essential requirement for sentencing pursuant to the PRR Act." Glover v. State, 871 So.2d 1025, 1025 (Fla. 1st DCA 2004); see also Sinclair v. State, 853 So.2d 551, 552 (Fla. 1st DCA 2003) (holding competent proof of appellant's release date from prison "essential to the imposition of [a] PRR sentence[]"). The State had the burden of proving Mr. Gray's release date based on competent evidence. See id.; cf. Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001) ("[T]he state must provide record evidence of ... the date the defendant was released from any prison term or supervision imposed for the last felony conviction.").
Typed or printed on what looks like Florida Department of Corrections (DOC) stationery, the document the State offered belowits sole effort to establish the date Mr. Gray had been released from prisonpurported to be a DOC employee's declaration or affirmation certifying that the seal in the letterhead was official, and that Mr. Gray was released on a certain date. Letterhead aside, the document states in its entirety:
I, Barbara K. Smith, Records Management Analyst, Central Records Office, State of Florida Department of Corrections, do hereby certify that this seal is the official seal of the Florida Department of Corrections. I also certify that the last release date for Inmate Maurice K. Gray, Jr., DC# 581630, W/M, DOB: 2/18/1968, was September 30, 2000, for *869 Case # 94-1926, 94-1927 and 95-795, Lee County, Florida.
Given under my hand and seal, this June 09, 2003.
[Signature]
Barbara K. Smith, Records Management Analyst
The defense objected to the document on grounds it was not self-authenticating and did not fall within any exception to the rule excluding hearsay. Despite the objection, the trial court admitted the document into evidence, and found that Mr. Gray qualified for enhanced sentencing as a prison releasee reoffender based on the release date recited in Ms. Smith's statement.
We are not concerned here with duly authenticated "Crime and Time Reports," like the computer printout that came in evidence in Desue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005). "Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Cofield v. State, 474 So.2d 849, 851 (Fla. 1st DCA 1985) (adopting rule as stated in Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974)[1]); see DeSue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record. See § 90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence § 902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the document, or other person authorized by statute to make a certification, must certify that the copy is correct and that the person has custody of the original. . . . The custodian's signature must follow the statement"). Compare King v. State, 590 So.2d 1032, 1033 (Fla. 1st DCA 1991) (holding probation officer's testimony regarding defendant's release date, based on an unauthenticated Department of Corrections computer printout, was inadmissible hearsay, and that "[w]ithout the improperly admitted testimony, the evidence is legally insufficient to support the trial court's finding that appellant is an habitual felony offender").
Ms. Smith's statement constituted hearsay,[2] and the State proved no proper predicate for its admission under any exception to the rule excluding hearsay. The document fails to identify the official records on which it relied, if any, does not state that it is a true and correct representation of any record, and does not say where or in whose custody any original official or business records are kept. As Ms. Smith's statement is essentially a (defective) *870 affidavit devoid of any reference to records the DOC maintains, see Belvin v. State, 30 Fla. L. Weekly D1421, D1422, ___ So.2d ___, ___, 2005 WL 1336497 (Fla. 4th DCA June 8, 2005) (disapproving resort to "affidavits ... prepared for use at a criminal prosecution"), it is less deserving of consideration than the probation officer's testimony we held should have been excluded in the King case.
Where nothing more than inadmissible hearsay received over specific objection is adduced in order to prove a prison release date necessary for sentence enhancement, the enhanced sentence cannot withstand attack on direct appeal. See Glover, 871 So.2d at 1025 ("Because the state relied solely on hearsay evidence regarding Appellant's release date from prison, it failed to prove an essential requirement for sentencing pursuant to the PRR Act."); Sinclair, 853 So.2d at 552 (reversing and remanding a prison releasee reoffender sentence where the State relied solely on hearsay to establish the defendant's prison release date); Boyd, 776 So.2d at 318 (holding presentence investigation report offered to prove appellant's release date from prison was insufficient because it constituted inadmissible hearsay). Compare Eutsey v. State, 383 So.2d 219, 226 (Fla.1980) ("[Eutsey] did not dispute any particular information contained in the report, however, and only made a general objection to [the] use [of presentence investigation reports] in this type of sentencing proceedings.").
Because here, too, the State "relied solely on [inadmissible] hearsay evidence regarding Appellant's release date from prison, it failed to prove an essential requirement for sentencing pursuant to the PRR Act." Glover, 871 So.2d at 1025; see also Sinclair, 853 So.2d at 552; King, 590 So.2d at 1033 ("Accordingly, we are compelled to vacate appellant's sentence, and to remand to the trial court for resentencing.").
The sentence imposed below is vacated, and the case is remanded for resentencing.
ALLEN, J., concurs; WOLF, J., concurs with opinion.
WOLF, J., Concurring with opinion.
I concur, because I believe existing case law requires me to do so. The computer printout while inartfully drafted reflects that a records custodian (records management analyst) certified that the records of the department indicated that the release date for the petitioner was September 30, 2000. The defense presented no evidence to the contrary.
It is a waste of time, money, and judicial effort to require resentencing in this case.
NOTES
[1] Since July 1, 2003, it has also been possible to establish the predicate for business records "by a certification or declaration that complies with [section 90.803(6)](c) and s. 90.902(11)." Ch. 2003-259, § 2, at 1299, Laws of Fla. Section 90.902(11), Florida Statutes, requires that a certification from the custodian of the records or other qualified person accompany the original or duplicate business record which certifies or declares

that the record:
(a) Was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters;
(b) Was kept in the course of the regularly conducted activity; and
(c) Was made as a regular practice in the course of the regularly conducted activity.
[2] To the extent that a certification itself "contains matter extraneous to the authentication of a document, it is hearsay and is inadmissible unless an exception applies." Charles W. Ehrhardt, Florida Evidence § 902.5, at 945 (2004 ed.); see also Mason v. State, 853 So.2d 544, 546 (Fla. 1st DCA 2003) ("The extraneous information in the Certification of Records was not ... admissible [] as substantive evidence.").