911 So.2d 184 (2005)
Reginald PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2285.
District Court of Appeal of Florida, First District.
September 13, 2005.
Nancy A. Daniels, Public Defender; and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
*185 Charlie Crist, Attorney General; and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant Reginald Peterson was convicted of two counts of sexual battery and one count of use of a firearm during the commission of a felony. He was sentenced to two concurrent terms of life imprisonment as a prison releasee reoffender (PRR) on the sexual battery counts, and to time served on the remaining count. Appellant now seeks review of the convictions and sentence, raising three arguments. For the reasons below, we hereby affirm Appellant's convictions but reverse his sentence as a PRR.
Appellant's first argument is that the PRR sentence is illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as modified by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the trial court, and not a jury, determined that the PRR requirements were met. This argument is without merit because the two cases do not apply to the fact of a prior conviction, as revealed in Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63, and in Blakely, 124 S.Ct. at 2536, 124 S.Ct. 2531, and because Apprendi does not apply to PRR sentencing, as held in McDowell v. State, 789 So.2d 956 (Fla. 2001). Moreover, the Fourth District has specifically held that Apprendi and Blakely do not apply to the finding of a prior release date. See Gurley v. State, 906 So.2d 1264 (Fla. 4th DCA 2005).
Appellant's second argument is that admission of the Department of Corrections' (DOC) records violated his rights under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This argument is without merit because the DOC's business records are not "testimonial," as the term is used in Crawford. See Desue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005).
Appellant's third argument, however, warrants reversal of the PRR sentence. Appellant argues that the DOC records were not authenticated, and he is correct. See Arnett v. State, 843 So.2d 340 (Fla. 1st DCA 2003). The affidavit is not sufficient to authenticate the records either under the PRR statute or under the Florida Evidence Code's provision for self-authenticating business records found in section 90.902(11), Florida Statutes. See Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005). While the State could have provided a live witness to authenticate these documents, the State chose not to do so, even though, inexplicably, the State presented such a witness to testify as to the victim's prior release date (to support her story as to why she was walking home so late at night). Finally, the release date was not stipulated by the parties. Because the State failed to demonstrate Appellant's PRR status, the PRR sentence cannot stand.
Accordingly, we AFFIRM Appellant's convictions but REVERSE his sentence and REMAND for resentencing. On remand, the trial court may again sentence Appellant as a PRR if it makes the required findings and the evidence supports those findings. See Glover v. State, 871 So.2d 1025 (Fla. 1st DCA 2004).
KAHN, C.J., and LEWIS, J., concur.