943 So.2d 855 (2006)
Mark Rochelle BOLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3509.
District Court of Appeal of Florida, First District.
November 8, 2006.
Rehearing Denied December 8, 2006.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Mark Bolen, appeals the trial court's denial of his rule 3.800(b)(2) motion to correct alleged sentencing errors on two grounds. We affirm the trial court's denial of Appellant's motion on both grounds, but write only to address the first issue raised by Appellant.
Appellant contends that the trial court erred in sentencing him as a Prison Releasee Reoffender (PRR) because the State relied solely on hearsay evidence to prove his prison release date. The sole evidence used to establish Appellant's release date was a letter written by the records management analyst with the Department of Corrections (DOC); however, because Appellant specifically represented at sentencing that he had no objection to the State's offer of proof of his qualification for sentencing as a PRR, he cannot now assert the opposite position by a rule 3.800(b)(2) motion.
The record clearly shows that defense counsel affirmatively represented to the court that there was no objection to the State's representation of Appellant's last release date from the DOC; therefore, neither the State nor the trial court was alerted of any potential deficiency at a time when the deficiency could easily have been rectified by calling a live witness to authenticate the DOC document. This distinguishes the case here from Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005), where the trial court admitted an identical document over defense counsel's objection.
Appellant cannot affirmatively agree to the sufficiency of the State's proof of his PRR qualifications at sentencing and then later invoke rule 3.800(b)(2) to take the opposite position. See Terry v. State, 668 So.2d 954, 962 (Fla.1996) ("[A] party may not invite error and then be heard to complain of that error on appeal.").
We hold that Appellant's failure to contemporaneously object constitutes a waiver of his right to contest the validity of the trial court's PRR determination.
AFFIRMED.
*857 THOMAS, J., Concurs; WEBSTER, J., Concurring with Written Opinion; ERVIN, J., Concurring and Dissenting with Written Opinion.
WEBSTER, J., concurring.
I concur fully in the majority opinion. I write only to note some additional thoughts regarding Judge Ervin's dissent from the portion of our opinion which concludes that appellant may not now claim error regarding his prison releasee reoffender sentence because, through trial counsel, he waived the right to do so. We do not, as Judge Ervin states, affirm as to that issue because the issue was not preserved. Rather, as our opinion makes clear, we do so because the issue has been waived. Our supreme court has held that even fundamental error may be waived. See, e.g., Armstrong v. State, 579 So.2d 734, 735 (Fla.1991); State v. Lucas, 645 So.2d 425, 427 (Fla.1994) (citing Armstrong). I find nothing in rule 3.800(b) or in the supreme court's opinion adopting the present version of that rule that reflects an intent by the court to prevent waiver in the sentencing context. Appellant's trial counsel did more than simply agree to permit hearsay evidence to be considered regarding the question of whether appellant qualified as a prison releasee reoffender. He agreed with the prosecutor's representation that appellant did, in fact, qualify as a prison releasee reoffender. Appellate counsel has not alleged either in the trial court or here that appellant does not qualify. In the absence of such a representation, it seems to me that appellant has failed to demonstrate any prejudice as a result of his trial counsel's actions and, therefore, the waiver must stand. To send this case back for resentencing in the absence of such an allegation would simply result in a waste of everyone's time.
ERVIN, J., concurring and dissenting.
I concur with the majority in affirming as to the second issue raised, which challenges the trial court's classification of appellant as a habitual felony offender on the ground that the criteria for such designation had not been pled in the charging document, or found beyond a reasonable doubt by the jury. This issue has effectively been resolved against appellant by the Florida Supreme Court's decision in Gudinas v. State, 879 So.2d 616, 618-19 (Fla.2004). I respectfully dissent, however, as to that portion of the majority's decision affirming appellant's prison releasee reoffender sentence because of the non-preservation of the issue for appellate review.
In so stating, I fully recognize the time-honored rule that a party cannot, by his or her actions, invite judicial error and then later complain of such error on appeal. As recited in the majority's opinion, appellant affirmatively represented through his attorney at sentencing that he had no objection to the state's offer of proof, a letter from the Department of Corrections referring to his status as a prison releasee reoffender. Were it not for the adoption by the Florida Supreme Court of Florida Rule of Criminal Procedure 3.800(b)(2), and pertinent comments thereto, I would concur with the majority's decision without any reservation. In my judgment, however, the rule 3.800(b)(2) procedure, allowing a defendant the opportunity to challenge a sentencing error by motion before the party's first brief is served, provides a mechanism whereby even affirmative representations of waiver made by counsel during the sentencing process may later be preserved for appellate review.
This conclusion is made evident by the official court commentary to the 1999 amendments, explaining: "A motion pursuant to this rule is needed only if the *858 sentencing error has not been adequately preserved for review at an earlier time in the trial court." Neither the language of rule 3.800(b)(2) nor the court's comments make any distinction between a defendant's failure to contemporaneously object to a sentencing error, or his or her express request to a trial court, which results in the error later attacked. By filing a 3.800(b)(2) motion, appellant, in my judgment, effectively preserved the error he now raises on appeal, regardless of his express disclaimer made earlier during sentencing. This conclusion, I assert, is made evident by the following explanatory comments of the court:
[U]nder the new rule 3.800(b)(2), if a notice of appeal has been filed, a motion to correct a sentencing error can also be filed in the trial court at any time until the first appellate brief is filed. The deadline for filing the first appellate brief is then extended until ten days after the clerk of the circuit court transmits the supplemental record from the proceedings held on the motion to correct the sentencing error, which includes the motion, the order, any amended sentence, and the transcript if designated.
Thus, an advantage of this amendment is that it will give appellate counsel, with expertise in detecting sentencing errors, the opportunity to identify any sentencing errors and a method to correct these errors and preserve them for appeal.

Amendments to Fla. R. of Crim. P. 3.111(e) & 3.800 & Fla. R. of App. P. 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1018 (Fla.2000) (emphasis added).
The court's broad purpose in preserving all types of sentencing errors was further expressed by it as follows:

[T]he amended rule is intended to provide one mechanism whereby all sentencing errors may be preserved for appellate review. The comments to the proposed rule defines a "sentencing error" as including "harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as errors within the sentence itself." The amendment to rule 3.800(a) will make it clear that a rule 3.800(b) motion can be used to correct any type of sentencing error, whether we had formerly called that error erroneous, unlawful, or illegal.
Id. at 1019 (emphasis added). In its later opinion in Maddox v. State, 760 So.2d 89, 94 (Fla.2000), the court observed that it "anticipate[d] that the amendments to rule 3.800(b) recently promulgated by this court . . . should eliminate the problem of unpreserved sentencing errors raised on direct appeal because the time in which a defendant can file a motion to correct a sentencing error in the trial court is expanded to the time the first appellate brief is filed." More recently, the court, in Brannon v. State, 850 So.2d 452, 459 (Fla. 2003), reiterated that a defendant is now "required to have objected at sentencing or utilized rule 3.800(b) to preserve all sentencing errors, including fundamental sentencing errors, for appeal."
I consider it reasonably clear that in adding the 1999 amendments to rule 3.800, the court deemed that a defendant's opportunity to challenge all sentencing errors would be extended, regardless of what had previously occurred, into the appellate process until no later than the time of the service of the initial brief. In the present case, the appellant availed himself of the 3.800(b)(2) machinery and brought the error to the trial court's attention, but the court refused to entertain it for the reason that no objection had been earlier made. As I have previously explained, the court, *859 in so ruling, erred. Because it is undisputably clear that the letter relied on by the court to designate the defendant a prison releasee reoffender was inadmissible hearsay, Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005), and no other evidence was used to establish such status, I would, as in Gray, vacate that sentence and remand the case for resentencing.