949 So.2d 1093 (2007)
Walter Bernard CAMPBELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2534.
District Court of Appeal of Florida, Third District.
February 7, 2007.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before COPE, C.J., and RAMIREZ and SHEPHERD, JJ.
COPE, C.J.
Walter Bernard Campbell appeals the sentence imposed on him as a violent career criminal ("VCC"). We remand for a new sentencing proceeding.
Defendant-appellant Campbell was convicted of attempted robbery and burglary with an assault and battery. At sentencing the State sought to have the defendant classified as a VCC. See § 775.084(1)(d), Fla. Stat. (2000).[1] The State had to establish (among other things) that the primary *1094 felony offense for which the defendant is to be sentenced was committed within five years after the defendant's release from prison. See id. § 775.084(1)(d)3.a.
At the sentencing hearing, the State offered a paper printout of several pages on the Florida Department of Corrections' website relating to the defendant. The website entry showed the defendant to be "out of custody" on July 9, 1999, which was within five years of the current offense. The State maintained that this "out of custody" entry was the defendant's release date from prison.
The defense objected that the printout was hearsay and not self-authenticating. The court overruled the objection and adjudicated the defendant to be a VCC. The printout from the website was the sole factual basis for determining that the defendant committed his current offense within five years of his release from prison. The defendant has appealed.
We conclude that the hearsay objection to the printout should have been sustained. The First District has said:
"Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Cofield v. State, 474 So.2d 849, 851 (Fla. 1st DCA 1985)(adopting rule as stated in Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974)); see Desue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record. See § 90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence § 902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the document, or other person authorized by statute to make a certification, must certify that the copy is correct and that the person has custody of the original . . . . The custodian's signature must follow the statement"). Compare King v. State, 590 So.2d 1032, 1033 (Fla. 1st DCA 1991)(holding probation officer's testimony regarding defendant's release date, based on an unauthenticated Department of Corrections computer printout, was inadmissible hearsay, and that "[w]ithout the improperly admitted testimony, the evidence is legally insufficient to support the trial court's finding that appellant is an habitual felony offender").
Gray v. State, 910 So.2d 867, 869 (Fla. 1st DCA 2005) (emphasis in original; footnote omitted).[2]See also Glover v. State, 871 So.2d 1025, 1025-26 (Fla. 1st DCA 2004); King v. State, 590 So.2d 1032, 1033 (Fla. 1st DCA 1991); Charles W. Ehrhardt, Florida Evidence § 803.6b, at 911-13 (2006).
While we must reverse the VCC adjudication and remand for resentencing, nothing prevents the State on remand from again seeking to establish that the defendant qualifies as a VCC.[3] The cases relied on by the State are not on point.
Since there must be further proceedings on remand, we point out that a VCC adjudication is not permissible for count 1, the offense of attempted robbery. See Walters v. State 790 So.2d 483, 484-85, (Fla. 5th DCA 2001); Landreth v. State, 739 So.2d 1198 (Fla. 2d DCA 1999).
*1095 For the stated reasons, we reverse the sentencing order and remand for a new sentencing hearing at which the trial court may again consider whether to sentence the defendant as a VCC on count 2, burglary with an assault or battery.
NOTES
[1] The crime date was October 16, 2000.
[2] The Fourth District has certified direct conflict with Gray on an issue not involved here, the sufficiency of a certification issued by the Florida Department of Corrections. See Yisrael v. State, 938 So.2d 546, 550 (Fla. 4th DCA 2006)(en banc).
[3] We decline to address the decisional conflict mentioned in footnote 2.