951 So.2d 1029 (2007)
Idris CHRISTIE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3559.
District Court of Appeal of Florida, Fourth District.
March 28, 2007.
Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Idris Christie, appeals his conviction and sentence for carjacking and simple battery, a lesser included offense of aggravated battery. Appellant raises two issues in this appeal. As his second issue, appellant argued that the trial court erred in sentencing him as a prison releasee reoffender ("PRR") based on a "Crime and Time Report." We affirm.
At the sentencing hearing, the State called Diane Crowter, a latent fingerprint *1030 examiner for the Martin County Sheriff's Office. She identified appellant as the one she saw fingerprinted. She also identified the "Crime and Time Report" to be of appellant; it was admitted into evidence without objection. Based on this report, the State asked appellant to be considered a PRR. The court sentenced appellant to the Department of Corrections ("DOC") and designated him a PRR.
Appellant cites to Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005), which found that an affidavit, from a DOC records management analyst, stating the last release date of the defendant was inadmissible. The court found that the document was not admissible as it failed to identify the official records on which it relied, it did not state that it was a true and correct representation of any record, and it did not say where or in whose custody any original official or business records were kept. Id. at 869. However, the court in Gray distinguished an affidavit from a computer printout such as the one presented in this case:
We are not concerned here with duly authenticated "Crime and Time Reports," like the computer printout that came in evidence in Desue v. State. "Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record.
910 So.2d at 869 (citations omitted).
In Desue v. State, 908 So.2d 1116, 1117 (Fla. 1st DCA 2005), the State introduced a "Crime and Time Report" under the business records exception to the hearsay rule. The court found that the printout fell under the business records exception because the DOC records custodian had testified in that case that the printout was an "official document copied from DOC records, that an inmate's admit and release dates are recorded at or near the time the inmate is jailed or released, as the case may be, and that the records of inmates' release dates are kept in the ordinary course of DOC's business." Id. The court also noted that a DOC report may also be an official public record admissible under section 90.803(8), Florida Statutes. Id. at 1117 n. 2.
Section 90.803(8), Florida Statutes (2003), provides in part:
Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.
§ 90.803(8), Fla. Stat. (2003). Although Crowter did not testify as to the manner of preparation, reliability, and trustworthiness of the report, it was self-authenticating under section 90.902, Florida Statutes (2003).
Section 90.902, Florida Statutes (2003), allows public records that are self-authenticating to be admitted into evidence absent the testimony of a custodian. Here, the document was a certified copy. When a certified copy of a document is offered instead of the document itself, authentication is controlled by section 90.902(4). In order for a certified copy to be self-authenticating under section 90.902(4), it must be certified by the custodian of the document ("certified as correct by the custodian or other person authorized to make the certification") and that the copy is correct and *1031 that the person has custody of the original ("actually recorded or filed in a public office"). § 90.902(4), Fla. Stat. (2003); Gray, 910 So.2d at 869. The document admitted contained a certification with a signature, stating:
CERTIFIED TO BE TRUE AND CORRECT COPY OF DOCUMENT AS SAME APPEARS IN OFFICIAL RECORDS OF DEPARTMENT OF CORRECTIONS.
Based on the foregoing, the "Crime and Time Report" was a properly admitted self-authenticating public record.
We hold the first issue raised by appellant to be without merit and affirm as to that issue. We affirm the second issue for the reasons expressed.
Affirmed.
STEVENSON, C.J., and KLEIN, J., concur.