973 So.2d 1167 (2007)
Lenorris PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1939.
District Court of Appeal of Florida, First District.
August 31, 2007.
Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, Lenorris Parker, raises several issues on direct appeal. Only one issue merits discussion. Mr. Parker contends that the trial court erred in sentencing him as a prison release reoffender because the State adduced only hearsay to prove the date of his release from prison. The State did not offer a witness to establish appellant's release date. At the original sentencing hearing, the State relied on inadmissible hearsay to establish appellant's release date, similar to evidence that the Court ruled insufficient in Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005), review denied 920 So.2d 628 (Fla.2005). Relying on Gray, appellant filed a 3.800(b) motion to correct sentencing error. At the resentencing hearing, *1168 the State relied on a "Certification of Records." The document introduced by the State during the resentencing hearing provided:
I, Ramona Cox-Pye, hereby certify that I am a custodian of records of the Florida Department of Corrections. . . . I hereby certify the following:
a) that as part of my regular duties I maintain custody and control of the official records of the Florida Department of Corrections,
b) that the attached DC14 computer data record of, Lenorris Q. Parker, DC No. N01172 consisting of 7 pages reflects entries of information that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters,
c) that it is the regular practice of the Florida Department of Corrections to make, keep, and maintain the attached computer data during the course of regularly conducted business,
d) and that the attached computer data record is a true and correct copy of the original record contained in the official records of the Florida Department of Corrections maintained pursuant to Section 945.25.
Computer printouts detailing his intake, assignments, disciplinary records, and 7/20/02 release date were attached.
In Gray, the document the State offered to establish the date Mr. Gray had been released from prison purported to be a Department of Corrections employee's declaration or affirmation certifying that the seal in the letterhead was official, and that Mr. Gray was released on a certain date. As the panel on appeal noted,
Ms. Smith's statement constituted hear-say, and the State proved no proper predicate for its admission under any exception to the rule excluding hearsay. The document fails to identify the official records on which it relied, if any, does not state that it is a true and correct representation of any record, and does not say where or in whose custody any original official or business records are kept. As Ms. Smith's statement is essentially a (defective) affidavit devoid of any reference to records the DOC maintains, see Belvin v. State, 30 Fla. L. Weekly D1421, D1422, 2005 WL 1336497, ___ So.2d ___ (Fla. 4th DCA June 8, 2005) (disapproving resort to "affidavits . . . prepared for use at a criminal prosecution"), it is less deserving of consideration than the probation officer's testimony we held should have been excluded in the King case.
Gray, 910 So.2d at 869-870. The document introduced by the State at resentencing in the present case, however, does not suffer from the deficiencies noted with regard to the document at issue in Gray.
Section 90.902(11), Florida Statutes, provides:
90.902 Self-authentication.Extrinsic evidence of authenticity as a condition precedent to admissibility is not required for:
. . .
(11) An original or a duplicate of evidence that would be admissible under s. 90.803(6), which is maintained in a foreign country or domestic location and is accompanied by a certification or declaration from the custodian of the records or another qualified person certifying or declaring that the record:
(a) Was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters;
(b) Was kept in the course of the regularly conducted activity; and
(c) Was made as a regular practice in the course of the regularly conducted *1169 activity, provided that falsely making such a certification or declaration would subject the maker to criminal penalty under the laws of the foreign or domestic location in which the certification or declaration was signed.
The affidavit attached to the records in the present case satisfied the requirements of section 90.902(11), Florida Statutes. We reject Mr. Parker's argument that application of this provision, which became effective after the date of the commission of his offenses, is unconstitutional in violation of the ex post facto provision. Mr. Parker erroneously asserts that prior to enactment of section 90.902(11), the State would have been required to present a witness with personal knowledge of his release date from prison. Instead, the State would have been required to present the live testimony of a records custodian. Section 90.902(11), in the present context, does not result in a conviction based on less evidence than the law required at the time the offense was committed. We also reject Mr. Parker's argument that the evidence presented to establish his alleged release date from prison violated his right of confrontation set forth in the Sixth Amendment to the United States Constitution. See Peterson v. State, 911 So.2d 184 (Fla. 1st DCA 2005) (Department of Corrections records were not testimonial, and thus admission of those records to determine defendant's status as a prison releasee reoffender (PRR) for sentencing purposes did not violate his rights under Confrontation), review denied 920 So.2d 628 (Fla.2005).
AFFIRMED.
BARFIELD, ALLEN, and HAWKES, JJ., concur.