PER CURIAM.
 

 We have for review
 
 Heck v. State,
 
 966 So.2d 515 (Fla. 4th DCA 2007), in which the Fourth District Court of Appeal relied upon its decision in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006). (en banc),
 
 disapproved in part,
 
 993 So.2d 952 (Fla.2008), and certified conflict with the First District Court of Appeal’s decision in
 
 Gray v. State,
 
 910 So.2d 867 (Fla. 1st DCA 2005). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 We stayed proceedings in this case pending our disposition of
 
 Yisrael,
 
 in which we: (1) approved the decision of the First District in
 
 Gray,
 
 and (2) disapproved the reasoning and rule of law articulated by the Fourth District in its underlying decision, but ultimately approved the result reached by that court
 
 on other grounds. See Yisrael v. State,
 
 993 So.2d 952, 960-61 (Fla.2008). We subsequently issued an order directing the State to show cause why we should not exercise jurisdiction, summarily quash the decision under review, and remand for reconsideration in light of our decision in
 
 Yisrael.
 
 In response, the State asserts that documents submitted during sentencing complied with this Court’s
 
 Yisrael
 
 decision.
 

 Our review of the facts presented within the four corners of the decision below reveals that the Fourth District addressed a “Certification of Records,” which was submitted
 
 along with
 
 “the
 
 accompanying pages of DOC computer pnnt-outs
 
 to establish the predicates for [prison-releasee-reoffender] sentencing.” 966 So.2d at 518 (emphasis supplied). The method used to
 
 *527
 
 establish Heck’s status as a prison-releas-ee reoffender thus complied with the analysis provided by the First District in
 
 Desue v. State,
 
 908 So.2d 1116, 1117 (Fla. 1st DCA 2005),
 
 Gray,
 
 910 So.2d at 869-70, and
 
 Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007),
 
 review denied,
 
 No. SC07-1847, 1 So.3d 173, 2009 WL 427313 (Fla. Feb. 19, 2009), each of which was decided
 
 prior to Heck.
 
 As a result, in
 
 Heck,
 
 there was no need to certify conflict.
 

 Accordingly, we grant the petition for review and, as we did in
 
 Yisrael,
 
 approve the ultimate result reached by the Fourth District Court of Appeal below, but disapprove its reliance upon the rule expressed in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006), because the business-records certification provided in this case was used as a permissible means of authenticating
 
 an attached Crime and Time Report. See Yisrael,
 
 993 So.2d at 960-61;
 
 see also Smith v. State,
 
 990 So.2d 1162, 1164-65 (Fla. 3d DCA 2008);
 
 Parker,
 
 973 So.2d at 1168-69.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.