DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROD LEE BRUCE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3877

[February 10, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2016-CF-005654-AXXX-MB.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Rod Lee Bruce ("Defendant") appeals the trial court's resentencing order which was entered on remand after this Court reversed and remanded for a de novo resentencing hearing in *Bruce v. State*, 276 So. 3d 1 (Fla. 4th DCA 2019) (*Bruce I*). Finding merit in Defendant's argument that the trial court failed to conduct a de novo resentencing hearing, we reverse and remand for yet another sentencing hearing.

By way of background, Defendant was found guilty of one count of burglary of an occupied dwelling, one count of burglary of a dwelling, and two counts of grand theft. The trial court sentenced Defendant to concurrent 40-year prison sentences as a Prison Releasee Reoffender ("PRR") and a Violent Career Criminal ("VCC") on each of the burglary counts and concurrent 5-year prison sentences on each of the grand theft counts. In *Bruce I*, Defendant appealed his convictions and sentences, arguing, among other things, that the trial court erred in designating him as a VCC. *Bruce I*, 276 So. 3d at 3. Defendant did not specifically challenge his PRR designation. We ultimately determined that Defendant's

previous offense did not qualify him as a VCC and "reverse[d] the burglary sentences and remand[ed] for a de novo sentencing hearing." *Id.* at 4.

At the resentencing hearing, the State requested that Defendant be sentenced to a total of 30 years in prison on the burglary counts as a PRR, and the following relevant dialogue ensued:

> [THE STATE]: [T]he State is requesting 30 years. I provided the Court with . . . the case of *State v. Mosley*, a Supreme Court case where the Court has discretion. *You already found that he was PRR at the original sentencing. So, I think everyone is in agreement that he is PRR, so . . .*
>
> THE COURT: And that was not reversed on appeal . . . that he was PRR?
>
> [THE STATE]: Correct.[1] So, I'm asking you do 15 and 15 on each burglary count and stack it so it's 30 years. This Defendant, I'm sure Your Honor remembers, has quite the long criminal history, especially with burglaries and going to DOC. He's been in and out of prison for most of his life. Your Honor found that he—even though was now not a violent career criminal, but that the 40-year sentence was appropriate in light of his priors and in light of the crimes.
>
> So, I'm asking that following the law, you would have him PRR, 30 years; 15 and 15. And, obviously, restitution remains to the victims. They are in agreement with everything that I just said.
>
> THE COURT: Okay. [Defense counsel], what would you like to say?
>
> [DEFENSE COUNSEL]: Your Honor, it is in the Court's discretion from the research that we've done. I know [Defendant] has a different interpretation about whether the Court can stack his sentences and enhance sentence in one criminal episode. That's what we would like for the Court to

---

[1]   This was not a correct representation. Although Defendant did not specifically challenge his designation as a PRR in *Bruce I*, we nonetheless reversed the burglary sentences in their entirety and remanded for a de novo resentencing hearing. As the PRR designation was part of the burglary sentences, by reversing the burglary sentences we necessarily reversed the PRR designation.

consider, that it was one criminal episode.  *It's not in dispute that he's PRR.*  We would ask the Court to give him 15 year concurrent on both counts that remain.

(emphasis added).

Considering the above discussion, the State did not introduce any evidence at the resentencing hearing to support a PRR sentence and defense counsel did not contest the PRR designation.  Instead, the remainder of the hearing focused on whether to impose the PRR sentences concurrently or consecutively.  Ultimately, the court sentenced Defendant to consecutive 15-year PRR sentences on the burglary counts and Defendant initiated the instant appeal.

During the pendency of the appeal, Defendant filed a rule 3.800(b)(2) motion to correct a sentencing error below, arguing that the trial court deprived him of a de novo resentencing hearing.  Specifically, Defendant argued the trial court "did not require the State to present evidence proving [Defendant] was PRR, or entertain arguments against his PRR status."  The trial court denied the motion, concluding that by affirmatively agreeing at the resentencing hearing that he qualified for a PRR designation, Defendant waived any challenge to the sufficiency of the State's evidence.

It is well established "that where a sentence has been reversed or vacated, the resentencings in all criminal proceedings . . . are de novo in nature."  *State v. Fleming*, 61 So. 3d 399, 406 (Fla. 2011).  This means that "[r]esentencing must proceed as an entirely new proceeding where all issues bearing on the proper sentence must be considered de novo and the defendant is entitled to the full array of due process rights."  *Heatley v. State*, 279 So. 3d 850, 852 (Fla. 2d DCA 2019) (citing *State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008)).  Thus, "the State is required to produce evidence during the new sentencing proceeding to establish facts even if those facts were established during the original sentencing proceeding."  *Lebron v. State*, 982 So. 2d 649, 659 (Fla. 2008).

In *Dean v. State*, 294 So. 3d 350 (Fla. 4th DCA 2020), this Court recently explained the requirements of a de novo resentencing as it relates to PRR sentencing.  In that case, after we upheld the defendant's PRR sentences, the Florida Supreme Court quashed our holding and remanded for resentencing because the defendant's designation as a PRR was not supported by the evidence in the record.  *Dean*, 294 So. 3d at 351.  At the resentencing hearing, however, the prosecutor represented to the trial court that the defendant's sentences had been remanded only "for the state to *prove up the documentation of the PRR*."  *Id.* at 353.  After the trial

court confirmed on the record that "the *sole purpose* of the remand was to rightly or wrongly *give the state an opportunity to prove the PRR status*" and go "*through the machinations of the state getting the paperwork in order*," it proceeded with the evidentiary portion of the hearing. *Id.*

In holding that the defendant was deprived of a "clean slate" de novo resentencing hearing, we explained that although the defendant was permitted to present mitigating evidence at the hearing, "statements made by the trial court and the prosecutor at the hearing patently evidence[d] their belief that the only purpose of remand was to introduce evidence that [the defendant] qualified as a [PRR]." *Id.* at 352. We then clarified that a de novo resentencing hearing "means that the state should determine whether to seek PRR sentencing, not merely 'prove up' PRR qualification, and that if the state elects to pursue a PRR sentence, the state must introduce evidence supporting a PRR sentence, regardless of whether such evidence was introduced at a prior hearing." *Id.* at 354 (internal citations omitted). We further held that "because [the defendant] was deprived of the full panoply of due process, the harmless error analysis does not apply." *Id.*

In the present case, much like in *Dean*, the trial court's and the prosecutor's statements that Defendant's original PRR designation was affirmed on appeal and not at issue at the resentencing hearing evidenced their belief that the only purpose on remand was to determine how the PRR sentences should be imposed. Indeed, the remainder of the resentencing hearing focused on whether the trial court should impose consecutive PRR sentences. Thus, "[b]ased on the trial court's own words, there was never a chance that [Defendant] would receive the 'clean slate' sentencing hearing to which he was entitled and which both the Florida Supreme Court and this court ordered." *Id.*

The State nonetheless maintains that affirmance is required in this case because defense counsel stipulated at the resentencing hearing that Defendant qualified as a PRR. *See Bolen v. State*, 943 So. 2d 855, 856 (Fla. 1st DCA 2006) ("Appellant cannot affirmatively agree to the sufficiency of the State's proof of his PRR qualifications at sentencing and then later invoke rule 3.800(b)(2) to take the opposite position."); *see also Ward v. State*, 298 So. 3d 638, 642 (Fla. 4th DCA 2020) (holding that because defense counsel stipulated that the defendant qualified as a VCC, the State was not required to introduce evidence of the defendant's criminal history to support his classification as a VCC); *Hamilton v. State*, 746 So. 2d 512, 513 (Fla. 2d DCA 1999) ("[T]his court has held that a defendant may waive the procedural requirements of section 775.084 if

the defendant stipulates that he qualifies as a habitual felony offender and agrees to be sentenced as such.").

We disagree. Although defense counsel's stipulation that Defendant qualified as a PRR may have alleviated the State of its evidentiary burden, it did not alleviate the trial court of its obligation to conduct a de novo resentencing hearing. At the very least, in a situation where defense counsel stipulates that the defendant qualifies as a PRR, the trial court should confirm that the state is seeking PRR sentencing, acknowledge the stipulation, and verify the defendant's consent to the stipulation. Doing so allows the appellate court to confirm that the trial court treated the resentencing hearing de novo.

Based upon the foregoing, we reverse the burglary sentences and remand for a de novo resentencing hearing. Defendant requests that resentencing occur before a different judge and cites to *Betty v. State*, 233 So. 3d 1149 (Fla. 4th DCA 2017), in support thereof. In *Betty*, the original sentencing judge refused to conduct a de novo resentencing hearing on the basis that "regardless of any possible youthful offender argument trial counsel could make, the original sentencing court would not have sentenced Appellant as a youthful offender." *Id.* at 1151. Based on these comments, we determined that "given the announced decision by the original sentencing judge before considering the evidence and arguments to be presented on the issue, the appearance of prejudgment must be avoided and sentencing by a different judge is required." *Id.* at 1153. Here, unlike in *Betty*, there is no appearance of prejudgment on the part of the judge. Rather, it is clear the sentencing judge failed to conduct a de novo resentencing hearing based on the mistaken belief that Defendant's PRR designation had been affirmed on appeal. Thus, resentencing can proceed before the same judge.

Finally, Defendant also argues that he was unconstitutionally sentenced as a PRR because the predicate findings for PRR status were not charged in the information, submitted to a jury, and proven beyond a reasonable doubt. We affirm on this issue without further comment. *See Chapa v. State*, 159 So. 3d 361, 362 (Fla. 4th DCA 2015).

*Reversed and remanded.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5