# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2150
Lower Tribunal No.  F12-5553
_____

**Christian Quispe,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before HENDON, GORDO, and BOKOR, JJ.

BOKOR, J.

Christian Quispe challenges the sufficiency of the evidence supporting his violation of probation as well as his sentence as a habitual violent felony offender (HVFO) and prison releasee reoffender (PRR). The record provides ample support for a finding of violation of probation as well as sufficient notice that a violation of probation could result in a sentence of "a maximum of life in prison." Accordingly, we affirm without further discussion on those grounds. But, we vacate the sentence and remand for resentencing because the trial court failed to make requisite findings of Quispe's eligibility for PRR sentencing. See § 775.082(9)(a)3., Fla. Stat. (providing that a defendant must be sentenced as a PRR "[u]pon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender"); Gray v. State, 910 So. 2d 867, 868 (Fla. 1st DCA 2005) (vacating PRR sentence predicated solely on hearsay evidence of defendant's release date); Sinclair v. State, 853 So. 2d 551, 552 (Fla. 1st DCA 2003) (same); Davenport v. State, 971 So. 2d 293, 295 (Fla. 4th DCA 2008) ("It is permissible for a trial court to take judicial notice of its own files, but the trial judge has to put such evidence in the record of each case when sentencing a defendant as an HFO and PRR.").

Affirmed in part, reversed in part, sentence vacated and remanded for resentencing.