PER CURIAM.
 

 Johnnie Whitley, Appellant, appeals his judgment and sentence as a prison releas-
 
 *415
 
 ee reoffender (PRR). Appellant argues, inter alia, that the trial court erred in relying on a printout from the Department of Corrections’ website to establish the date of his release from prison for purposes of PRR sentencing, as the printout constituted hearsay and was unauthenticated. The State concedes error on this issue. We agree, and accordingly, we reverse and remand for resentencing. We affirm Appellant’s judgment without further discussion.
 

 Appellant was convicted of robbery following a jury trial. At sentencing, the State sought to have Appellant classified as a PRR.
 
 See
 
 § 775.082(9)(a)l, Fla. Stat. (2007). To justify this classification, the State was required to show that Appellant committed the instant robbery within three years of his release from a correctional facility.
 
 See id.
 
 The State offered a printout from the Department of Corrections’ website to establish Appellant’s prison release date. Appellant objected, arguing that this printout was hearsay and not self-authenticating. The trial court overruled the objection, finding that the printout was admissible as a business record. Ultimately, it found that Appellant was a PRR and sentenced him accordingly.
 

 The trial court should have sustained Appellant’s objection to the printout. For a document to be properly admitted under the business record hearsay exception, it must be created at or near the time of the event, from information transmitted by a person with knowledge, and must be kept in the course of regularly conducted business.
 
 See
 
 § 90.803(6)(a), Fla. Stat. (2007). These requirements must be shown “by the testimony of the custodian or other qualified witness” or must be properly certified.
 
 Id.
 
 In the instant case, the State did not introduce the testimony of a records custodian, and the printout from the website was not certified. Therefore, the trial court erred in admitting the printout from the Department of Corrections’ website under the business record exception to the rule against hearsay.
 

 Our decision to reverse is supported by the Third District’s opinion in
 
 Campbell v. State,
 
 949 So.2d 1093 (Fla. 3d DCA 2007), which addressed nearly the exact argument Appellant forwards here. The
 
 Campbell
 
 court determined that a printout from the Department of Corrections’ website indicating the defendant’s release date from prison was not self-authenticating and was not admissible under the public records exception to the hearsay rule.
 
 Id.
 
 at 1094. Likewise, here, the printout indicating Appellant’s release date from prison was not self-authenticating and should not have been relied upon as the basis for sentencing him as a PRR. At resentencing, the State is not precluded from proving Appellant is a PRR by a properly-authenticated record.
 

 Accordingly, we AFFIRM the judgment of conviction but REVERSE the sentence and REMAND for resentencing.
 

 WOLF, LEWIS, and ROBERTS, JJ., concur.