739 So.2d 100 (1999)
Nicholas GREGORY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00606.
District Court of Appeal of Florida, Second District.
January 20, 1999.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Nicholas Gregory was convicted after a jury trial of sale of cocaine, possession with intent to sell cocaine and possession of drug paraphernalia. He was sentenced as a habitual felony offender to concurrent sentences of nine years followed by ten years of probation on the sale and possession with intent offenses. He was also sentenced to one year in county jail for possession of paraphernalia. He challenges the habitual offender designation for possession with intent to sell, and he challenges certain conditions of probation. Because the habitual offender designation cannot be imposed for possession of a controlled substance, we reverse the sentence imposed for that offense and remand for resentencing without regard to the habitual offender statute.
At the sentencing hearing, there was no objection to habitual offender sentencing for the sale of cocaine nor for the possession with intent to sell cocaine. Additionally, Gregory did not challenge his sentence by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800. The State therefore argues that the habitual offender and probation condition issues have not been preserved for appellate review. However, based on our decision in Denson v. State, 711 So.2d 1225 (Fla. 2d DCA 1998), we can correct an illegal sentence or any serious, patent sentencing error. In this case, the erroneous imposition of a habitual offender sentence for possession with intent to sell a controlled substance is a serious, patent sentencing error.
*101 We reverse the habitual offender sentence imposed for possession with intent to sell cocaine and remand for resentencing. We also note that any special conditions of probation should be orally pronounced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
ALTENBERND, A.C.J., FULMER, J., and QUINCE, PEGGY A., Associate Judge, Concur.