739 So.2d 1198 (1999)
Joseph C. LANDRETH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03378.
District Court of Appeal of Florida, Second District.
July 30, 1999.
Gerald A. Perez, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Joseph C. Landreth appeals his sentence for burglary of a dwelling. We agree with Landreth's argument that there was insufficient evidence of prior convictions to support his violent career criminal sentence, and we reverse.
*1199 During sentencing, the State presented certified copies of convictions for the following offenses: a 1990 sexual battery; five 1995 grand thefts; a 1995 felony petit theft; and a 1995 attempted burglary of a structure.[1] The sexual battery conviction is the only offense that meets the requirements for violent career criminal sentencing enhancement pursuant to sections 775.084(1)(c) and 776.08, Florida Statutes (1995). Although the State mentioned a prior conviction for escape during the sentencing hearing, without a copy of that conviction, the trial court could not determine whether it was a qualified offense. See Green v. State, 647 So.2d 274 (Fla. 2d DCA 1994). Regardless, section 775.084(1)(c) requires that the defendant have at least three prior convictions for the specified offenses.
We reject the State's argument that Landreth waived this issue because he did not raise it in the trial court. § 924.051, Fla. Stat. (1997). See Gregory v. State, 24 Fla. L. Weekly D256, 739 So.2d 100 (Fla. 2d DCA 1999) (holding that the erroneous imposition of a habitual offender sentence for possession with intent to sell a controlled substance is a serious, patent sentencing error that may be reviewed for the first time on direct appeal); Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999) (holding that a sentencing error that improperly extends the defendant's incarceration or supervision would likely be considered fundamental).
Accordingly, we reverse. On remand, the trial court may again sentence Landreth as a violent career criminal if he qualifies. See Hardwick v. State, 677 So.2d 958 (Fla. 2d DCA 1996).
FULMER, A.C.J., and DAVIS, J., Concur.
NOTES
[1] A conviction for an "attempt" to commit one of the noted offenses does not meet the requirements of section 775.084(1)(c), Florida Statutes (1995).