790 So.2d 483 (2001)
Robert WALTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1124.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
Rehearing Denied July 25, 2001.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Robert James Walters ["Walters"] challenges his sentence as a violent career criminal, alleging the State failed to present sufficient evidence establishing that he qualifies for enhanced sentencing.
Walters was convicted after a jury trial of a strong-arm robbery committed on September 10, 1999. The State served notice of its intention to seek enhanced sentencing as a violent career criminal pursuant to section 775.084(1)(d) and (4)(d), Florida Statutes.
At sentencing, the State presented certified copies of judgments showing Walters had previously been convicted of the following felonies:

1983 Case No. 83-3030 Sexual Battery
1986 Case No. 86-4458 Robbery
1988 Case No. 88-1524 Aggravated Assault
1990 Case No. 90-4048 Attempted robbery

Additional documents presented by the State demonstrated Walters had last been released from the Department of Corrections on June 4, 1999, after serving the sentence for the attempted robbery in Case No. 90-4048.
The trial court sentenced Walters as a violent career criminal to a minimum mandatory term of thirty years in prison, to be followed by ten years probation. Walters contends the trial court erred by sentencing *484 him as a violent career criminal, pursuant to section 775.084(1)(d), Florida Statutes (1999). This statute provides for sentencing as a violent career criminal if: (1) the defendant has previously been convicted of three of the enumerated felonies, and (2) the primary offense for which the defendant is currently being sentenced is also one of the enumerated felonies, committed on or after October 1, 1995 and:
a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for an enumerated felony; or
b. Within 5 years after the conviction of the last prior enumerated felony, or within 5 years after the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole, or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for an enumerated felony, whichever is later.
There is no doubt that Walters had been previously convicted of three of the enumerated felonies. Among the enumerated felonies is "[a]ny forcible felony, as described in s. 776.08." The latter statute defines forcible felony as follows:
"Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
The 1983 sexual battery, the 1986 robbery and the 1988 aggravated assault are clearly "forcible felonies" under the statute, since they are specifically listed in the statute. Likewise, the 1999 robbery for which Walters was being sentenced was also a "forcible felony" and met the additional requirement that the offense be committed on or after October 1, 1995. However, the attempted robbery committed by Walters in 1990 (for which he was released in 1999) must also qualify as a forcible felony as described in section 776.08 in order for Walters to be sentenced as a violent career criminal. This is because section 775.084(1)(d) also contains a time requirementit requires the new offense to be committed within five years of the defendant's last conviction for an enumerated felony or within five years of his release from the sentence being served for an enumerated felony. Because Walters had not been convicted within the preceding five years, his most recent offense had to be committed "within 5 years after [his] release from a prison sentence... for an enumerated felony"; thus, the attempted robbery (for which he was imprisoned until 1999) has to qualify as an enumerated felony.
There is no case which directly considers whether an "attempted robbery" is a forcible felony within the meaning of section 776.08. However, in Landreth v. State, 739 So.2d 1198 (Fla. 2d DCA 1999), the Second District Court of Appeal observed that an "attempt" was not a qualifying offense for purposes of sentencing a defendant as a violent career criminal. In Landreth, the court found that a prior conviction for attempted burglary of a structure could not be used as a qualifying offense for sentencing as a violent career criminal.
The State distinguishes Landreth on the basis that burglary is unique in that it does not fit with the catchall "any other felony which involves the use or threat of physical force or violence." First, we assume that *485 if such were the Landreth court's reasoning, it could have found the words to say so. Second, we accept Walters' argument that an attempted robbery does not necessarily involve the use or threat of use of force. Also persuasive is Walters' argument that because the legislature has included "attempts" in defining qualifying offenses for sentencing as a violent habitual[1] or third-time habitual felony offender[2], the decision not to reference "attempts" in the statute should be afforded significance. Finally, the rule of lenity directs interpretation of any ambiguity to the benefit of the defendant. § 775.021, Fla. Stat. (2000). Accordingly, we vacate the violent career criminal sentence and remand for resentencing.
REVERSED and REMANDED.
PETERSON, J., concurs.
SAWAYA, J., concurs specially without opinion.
NOTES
[1] § 775.084(1)(b)1, Fla. Stat. (1999).
[2] § 775.084(1)(c), Fla. Stat. (1999).