NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT



JEANNETTE M. SMALLEY, LOREN )
LEE WIELAND, STACEE PELTZ, and )
KYLE PELTZ, for themselves and on )
behalf of a class of all others similarly )
situated, )
           )
           Appellants, )
           )
v. )    Case No.   2D13-4746
           )
DUKE ENERGY FLORIDA, INC., a )
Florida corporation, formerly FLORIDA )
POWER CORP., d/b/a PROGRESSIVE )
ENERGY FLORIDA, INC., and )
FLORIDA POWER & LIGHT CO., )
           )
           Appellees. )
_____)

Opinion filed December 31, 2014.

Appeal from the Circuit Court for Lee
County; Keith R. Kyle, Judge.

Frank B. Arenas, Coleman, and
Alberto E. Lugo-Janer, Windermere,
for Appellants.

Stephen H. Grimes, D. Bruce May, Jr.,
Elizabeth L. Bevington, and Kevin W.
Cox of Holland & Knight, LLP,
Tallahassee, for Appellees.

KELLY, Judge.

The appellants, customers of Duke Energy Florida, Inc., and Florida Power & Light Company (the Utilities), brought suit against the Utilities challenging the constitutionality of sections 366.93 and 403.519, Florida Statutes (2012), and seeking a refund of monies paid under the statutes. They appeal from the trial court's order dismissing the action with prejudice. We affirm.

In 2006, the Legislature enacted section 366.93, Florida Statutes, and amended section 403.519, Florida Statutes,[1] with the stated purpose of encouraging utility companies to invest in new nuclear power plants. See Ch. 2006-230, § 1, at

_____

[1]The applicable version of section 403.519(4)(e), Florida Statutes (2012), provides in pertinent part:

> After a petition for determination of need for a nuclear or integrated gasification combined cycle power plant has been granted, the right of a utility to recover any costs incurred prior to commercial operation, including, but not limited to, costs associated with the siting, design, licensing, or construction of the plant and new, expanded, or relocated electrical transmission lines or facilities of any size that are necessary to serve the nuclear power plant, shall not be subject to challenge unless and only to the extent the commission finds, based on a preponderance of the evidence adduced at a hearing before the commission under s. 120.57, that certain costs were imprudently incurred.

Section 366.93(2), Florida Statutes (2012), retains the same language as the 2006 version of the statute and directs the Florida Public Service Commission (PSC) to "establish, by rule, alternative cost recovery mechanisms for the recovery of costs incurred in the siting, design, licensing, and construction of a nuclear power plant." Subsection (1)(a) defines "cost" and states that it "includes, but is not limited to, all capital investments, including rate of return, any applicable taxes, and all expenses . . . related to or resulting from the siting, licensing, design, construction, or operation of the nuclear power plant."

2595-96, Laws of Fla.; Ch. 2006-230, § 44, at 2648-49, Laws of Fla. As contemplated by the statutes, the Florida Public Service Commission (PSC) authorized the Utilities to begin the construction of a nuclear plant and, in the case of Florida Power & Light Company, to modify its existing nuclear plants to increase their generating capacity. Normally, a public utility is required to wait until after an electrical power plant is constructed and fully operational before it can recover the cost of constructing the new plant from its customers. See S. Alliance For Clean Energy v. Graham, 113 So. 3d 742, 745 (Fla. 2013). However, the 2006 legislation allows public utilities to recover preconstruction and carrying costs before a nuclear power plant begins to operate. Section 366.93(6) provides in pertinent part:

> If the utility elects not to complete or is precluded from completing construction of the nuclear power plant, including new, expanded, or relocated electrical transmission lines or facilities necessary thereto, or of the integrated gasification combined cycle power plant, the utility shall be allowed to recover all prudent preconstruction and construction costs incurred following the commission's issuance of a final order granting a determination of need for the nuclear power plant and electrical transmission lines and facilities necessary thereto or for the integrated gasification combined cycle power plant.

§ 366.93(6), Fla. Stat. (2012).

The appellants sued the Utilities alleging that the 2006 legislation is unconstitutional and seeking a refund of the monies paid to the Utilities pursuant to the cost recovery statutes. The Utilities moved to dismiss. The trial court dismissed the amended complaint, but with leave to amend. The appellants filed a second amended complaint and the Utilities again moved to dismiss. After a hearing, the trial court

granted the Utilities' motion and dismissed the second amended complaint with prejudice.

The second amended complaint contained two counts, only one of which is at issue in this appeal. In that count the appellants allege that sections 366.93 and 403.519 are facially unconstitutional under Article I, Section 10 of the Constitution of the United States. Specifically, they allege that pursuant to the statutes, the Utilities have been charging additional amounts above the amount charged for the electricity they have consumed and that this constitutes an unconstitutional impairment of their contractual relationship with the Utilities. The complaint alleges that any public purpose justifying the impairment is destroyed by the fact that the statutes authorize the Utilities to elect not to build, complete, or operate the nuclear power plants yet keep the preconstruction costs charged to customers, plus a rate of return.

The constitutionality of a statute is a question of law we review de novo. Fla. Dep't of Revenue v. City of Gainesville, 918 So. 2d 250, 256 (Fla. 2005). A facial constitutional challenge considers only the text of the statute, not its application to a particular set of circumstances. Abdool v. Bondi, 141 So. 3d 529, 538 (Fla. 2014). A determination that a statute is facially unconstitutional means that no set of circumstances exists under which the statute would be valid. United States v. Salerno, 481 U.S. 739, 745 (1987); City of Gainesville, 918 So. 2d at 256. "If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends." State v. Bales, 343 So. 2d 9, 11 (Fla. 1977) (citing United States v. Carolene Prods. Co., 304 U.S. 144, 154 (1938)). A facial challenge fails when a statute has a "plainly legitimate

- 4 -

sweep." Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 (2008) (citation omitted).

While the appellants argue that the challenged statutes are facially unconstitutional, they have utterly failed in their burden to demonstrate that no circumstances exist under which the statutes would be valid. Rather, the crux of the appellants' challenge focuses only on one particular circumstance contemplated by the statute—the recovery of costs of construction where a utility "elects" not to build the plant. The appellants contend that the "statutes authorize each Defendant to elect not to build, complete or operate the nuclear power plants and thereby defeat any public purpose or public use." They have not alleged nor argued that in the event a utility is precluded from completing a power plant due to factors beyond its control, the public purpose for the legislation, which is to encourage investment in new nuclear power plants, is defeated. As noted by the Florida Supreme Court, transferring the risk for proposed nuclear projects to encourage utilities to invest in new facilities is a "policy consideration best addressed by the Legislature," and not the courts. Graham, 113 So. 3d at 753. Because the appellants have not met their burden of demonstrating that the statute is unconstitutional in all its possible applications, we affirm.

Affirmed.


ALTENBERND and SILBERMAN, JJ., Concur.