# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2935
_____

DESHAWN HURST,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

November 6, 2018

ROWE, J.

Deshawn Hurst appeals his judgment and sentence for attempted first-degree premeditated murder with a firearm. Hurst was 17 years old at the time of the offense.[1] The trial testimony demonstrated that Hurst, whose identity was concealed under a mask, carjacked and kidnapped the 21-year-old victim at gunpoint. Hurst forced the victim into the trunk of a vehicle and drove the victim to several unknown locations before reaching a

_____

[1] In addition to attempted first-degree premeditated murder with a firearm, Hurst was charged with carjacking with a firearm, kidnapping with a firearm, and sexual battery with a deadly weapon.

final destination.  Hurst then raped the victim twice at gunpoint, shot the victim at close range in the head, and left the victim alone to die.  Hours later, the victim was found and transported to a hospital where he miraculously survived.  DNA evidence confirmed that Hurst was the person who committed the offenses. Hurst was found guilty as charged.

For the charge of attempted murder, Hurst was sentenced to life imprisonment with a 25-year mandatory-minimum sentence and a 25-year sentence review. After filing a motion to correct sentencing error in the lower court, Hurst appealed his sentence, arguing he was entitled to a review of his sentence after 20 years, as opposed to 25 years.  We disagree and affirm.

Our review is de novo.  *Ray v. State*, 68 So. 3d 346, 347 (Fla. 1st DCA 2011).  Hurst seeks relief under the juvenile sentencing laws enacted in 2014.  Ch. 2014-220, § 1-3 Laws of Fla.  These laws allow defendants who were sentenced for offenses committed as a juvenile to obtain judicial review of their sentence after 15, 20, or 25 years depending on the nature of the offense.  *See* §§ 775.082 and 921.1402, Fla. Stat. (2016).

Here, the trial court found that Hurst was entitled to review of his sentence after serving 25 years for his conviction for attempted murder pursuant to section 775.082(3)(a)5.a.[2]  Under subsection (3)(a)5.a., a person who is convicted under section 782.04 and sentenced to a term of imprisonment of more than 25 years, and who "actually killed, intended to kill, or attempted to kill the victim," is entitled to a review of his or her sentence after 25 years.  §§ 775.082(3)(a)5.a., 921.1402(2)(b), Fla. Stat. (2016).

---

[2] First-degree murder is a capital felony, and attempted first-degree murder is a felony of the first degree.  §§ 774.04(1), (4)(b); 782.04(1)(a), Fla. Stat. (2016).  If attempted first-degree murder is committed with a weapon or firearm, the offense is reclassified to a life felony.  § 775.087(1), Fla. Stat. (2016).  Section 775.082(3)(a)5., Florida Statutes, sets forth the penalty for a conviction under section 782.04 of an offense that was reclassified as a life felony, when the offender was a juvenile when the crime occurred.

2

Hurst argues that he should have been sentenced under section 775.082(3)(c) instead, which provides for a review of his sentence after 20 years. §§ 775.082(3)(c), 921.1402(2)(d), Fla. Stat. (2016). He advances two arguments in support of his theory.

First, Hurst disputes that he was convicted under section 782.04. He contends that he was actually convicted under section 777.04, therefore section 775.082(3)(a)5. does not apply to him, and he is entitled to review of his sentence after 20 years. Hurst cites no authority to support his contention nor can he. A person cannot be convicted of the offense of attempt without necessarily proving the elements of some underlying, substantive offense. *See generally* § 777.04(1), Fla. Stat. (2016) ("A person who attempts to commit *an offense* prohibited by law and in such attempt does any act toward the commission of *such offense*, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt." (emphasis added)). Here, the underlying offense committed by Hurst was first-degree premeditated murder under the homicide statute, making his conviction and sentence subject to the sentencing provisions of section 775.082(3)(a)5.

Second, notwithstanding the fact that he was convicted under the homicide statute, Hurst nevertheless argues that because attempted murder is a "nonhomicide offense" for the purposes of applying *Graham*,[3] he is entitled to a review of his sentence after 20 years. *Gridine v. State*, 175 So. 3d 672, 674 (Fla. 2015) (finding *Graham* applied to appellant's case because attempted first-degree murder is a nonhomicide offense). Hurst's argument ignores the plain language of the Florida juvenile sentencing laws. The language of section 775.082 is crystal clear—a juvenile offender convicted under section 782.04 is entitled to review of his or her sentence after 25 years where the juvenile offender "actually killed, intended to kill, or *attempted to kill the victim*." § 775.082, Fla. Stat. (2016) (emphasis added). This specific language referring to attempt is repeated throughout the statute and applies

---

[3] *Graham v. Florida*, 560 U.S. 48 (2010) (holding that a juvenile offender who did not commit a homicide offense may not be sentenced to life without parole).

whether the underlying conviction is for a capital felony, a life felony, or a first-degree felony. *See* §§ 775.082(1)(b)1., 775.082(3)(a)5., 775.082(3)(b)2., Fla. Stat. (2016). Further, section 775.082 does not distinguish between "homicide" and "nonhomicide" offenses. Because Hurst was convicted under section 782.04, attempted to kill the victim, and used a weapon or firearm, section 775.082(3)(a)5.a. applies, and he is entitled to a review of his sentence only after serving 25 years. As the trial court aptly noted, "[Hurst] is not entitled to apply for sentencing review five years early . . . merely because his victim survived the attempted murder."

Accordingly, we hold that the trial court properly sentenced Hurst under section 775.082(3)(a)5.a. *See Hernandez v. State*, 2018 WL 2224109 *5 (Fla. 3d DCA May 16, 2018) (holding that under the juvenile sentencing laws, a juvenile convicted for attempted murder is entitled to review of his sentence after 25 years); *Davis v. State*, 199 So. 3d 546, 550-51 (Fla. 4th DCA 2016), *review granted, decision quashed on other grounds*, SC16-1905, 2018 WL 480516 (Fla. Jan. 19, 2018) (noting that if the 2014 juvenile sentencing laws applied to appellant, he would be entitled to sentence review after 25 years because he attempted to kill the victim). Hurst's judgment and sentence are AFFIRMED.

WETHERELL and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.