[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13759

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PETER ELIJAH METZLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60104-RAR-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Peter Metzler appeals his 120-month sentence for bank robbery. He argues that the district court improperly enhanced his offense level by designating him a career offender under U.S.S.G. § 4B1.1. Specifically, he argues that his prior Florida conviction for attempted strong arm robbery is not a "crime of violence" under the Sentencing Guidelines because of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), and our decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). So he says he lacks the required predicate offenses to qualify for the career offender enhancement. The government concedes that Metzler is right. Because we also agree, we vacate Metzler's sentence and remand the case for resentencing without the career offender enhancement.

**I.**

We review the interpretation and application of the Sentencing Guidelines *de novo*. *Dupree*, 57 F.4th 1269 at 1272. Likewise, "we review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010) (quotation marks omitted). We are not bound by a party's concession on a question of law. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021). So we need not accept the government's concession of error

where the law and record do not support it. *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000).

## II.

Under Section 4B1.1(a), a defendant is classified as a career offender if: (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a "crime of violence" or a "controlled substance offense"; and (3) he had at least 2 prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

A "crime of violence" is any offense under federal or state law punishable by at least one-year imprisonment and that satisfies either the "elements clause" or the "enumerated crimes clause." *See* U.S.S.G. § 4B1.2(a); *see also United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016). An offense satisfies the "elements clause" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). An offense satisfies the "enumerated crimes clause" if it is "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." *Id.* § 4B1.2(a)(2). The commentary on Section 4B1.2(a) further provides that a "crime of violence" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2, cmt. n.1.

We previously held that attempted robbery in Florida is a crime of violence under Section 4B1.2(a)'s elements clause and

enumerated crimes clause. *United States v. Lockley*, 632 F.3d 1238, 1246 (11th Cir. 2011). We said attempted robbery satisfies the enumerated crimes clause because robbery in Florida is equivalent to the generic form of robbery and the commentary includes attempting to commit robbery. *Id.* at 1241–42. And we said that attempted robbery satisfies the elements clause because robbery has as an element the "use, attempted use, or threatened use of physical force against the person of another" and "the commentary explicitly states that the attempt to commit a 'crime of violence' is itself a 'crime of violence.'" *Id.* at 1245; § 4B1.2(a)(1).

We must follow *Lockley* "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

The government and Meltzer agree that *Lockley* has been undermined to the point of abrogation. Since *Lockley*, we have held that the commentary to Section 4B1.2 cannot expand the text when the guideline's text is not "genuinely ambiguous." *See Dupree*, 57 F.4th at 1274. The Supreme Court also held that a crime is only a "crime of violence" under the elements clause of the identically-worded Armed Career Criminal Act when the government must prove, as an element of its case, "the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. Taken together, *Dupree* and *Taylor* establish that Florida attempted robbery is not a

crime of violence under Section 4B1.2(a) and abrogate our contrary conclusion in *Lockley*.

A.

We will start with the enumerated crimes clause. The enumerated crimes clause lists ten applicable offenses, including robbery, but does not mention inchoate crimes. U.S.S.G. § 4B1.2(a)(2). The commentary later defines a "crime of violence" as "includ[ing] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2, cmt. n.1.

We recently held, sitting en banc, that the enumerated crimes clause in the Sentencing Guidelines' related definition of a "controlled substance offense" did not include the inchoate offenses referenced in the commentary. *Dupree*, 57 F.4th at 1277. We determined that the application note—the same one we relied on in *Lockley*—could not expand the definition of a "controlled substance offense" because Section 4B1.2(b) unambiguously excludes inchoate offenses. *Id.* Because the guidelines were not "genuinely ambiguous," we could not consider the application notes. *Id.* at 1274 (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019)).

The guidelines provide that "crime of violence *means* . . . murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a) (emphasis added). Like the definition of "controlled substance offense," which we addressed in *Dupree*, "[t]he definition

does not mention conspiracy or attempt or any other inchoate crimes." *Dupree*, 57 F.4th at 1277. That the enumerated crimes clause excludes "inchoate crimes from the definition of what the term 'means' is a strong indicator that the term does not include those offenses." *Dupree*, 57 F.4th at 1277. And as we reasoned in *Dupree*, the lack of mention of attempt in the enumerated crimes clause "stands in stark contrast" to the neighboring elements clause, which covers the "attempted use" of force. *Id.* Accordingly, the enumerated crimes clause unambiguously covers only completed offenses. And without ambiguity in the text of the Sentencing Guidelines, we are powerless to defer to the Sentencing Commission's contrary interpretation of the Guidelines in the commentary. *Id.* at 1279.

In light of *Dupree*, we must conclude that attempted strong arm robbery in Florida is not within the enumerated crimes clause because that clause unambiguously refers only to completed offenses. The commentary on which we relied in *Lockley* cannot add inchoate crimes to the list.

*B.*

We next consider whether Florida attempted strong arm robbery is a "crime of violence" under the elements clause. Whether a person commits a "crime of violence" under the elements clause depends on if the government must always prove as an element of its case "the use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(a)(1). We held in *Lockley* that attempted robbery is a crime of violence under 4B1.2(a) because the

commentary provided that an "attempt to commit a 'crime of violence' is itself a 'crime of violence.'" 632 F.3d at 1245.

The government and Metzler contend that our decision in *Lockley* cannot be squared with *Dupree* and *Taylor*. We agree.

As we have already noted, *Dupree* establishes that (contrary to *Lockley*) we may not rely on the commentary to Rule 4B.1.2(a) to add to an otherwise unambiguous statement in the Guidelines. Although *Dupree* concerned an enumerated crimes clause, its holding applies just as well to the elements clause. For one, it's not even clear that the applicable commentary applies to the elements clause because it applies to "offenses" not elements. But even if the commentary applied, the elements clause is not ambiguous, so under *Dupree* we cannot defer to the commentary. The elements clause says that a crime of violence is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). That clause unambiguously includes only three elements: the use of physical force, attempted use of physical force, and threatened use of physical force. We cannot say that the elements clause contains a "genuine ambiguity." *Dupree*, 57 F.4th at 1279.

*Lockley* is also inconsistent with the Supreme Court's decision in *Taylor*. In *Taylor*, the Supreme Court held that the ACCA's materially identical elements clause covered only those crimes where a conviction necessarily required the government to prove the attempted, actual, or threatened use of force. The Court rejected our contrary position in *United States v. St. Hubert*, 909 F.3d

335, 352 (11th Cir. 2018)—which we also expressed in *Lockley*—that an attempt to commit a completed crime of violence is also necessarily a crime of violence. *Taylor*, 142 S. Ct. at 2021–22. Instead, the Court held that "where a crime may be committed by the *threatened* use of force, an attempt to commit that crime—*i.e.*, an attempt to threaten—falls outside the elements clause." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022). Although *Taylor* interpreted ACCA's elements clause, the Sentencing Guideline's elements clause contains materially identical language. *Compare* 18 U.S.C. § 924(c)(3)(A) *with* U.S.S.G. § 4B1.2(a)(1). And we have held that "decisions about one [clause] apply to the other." *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1335 n. 4 (11th Cir. 2013).

Under the reasoning in *Taylor*, Florida attempted strong arm robbery is not a crime of violence under Rule 4B.1.2(a)'s elements clause because it can be accomplished without force, attempted force, or the threat of force. Florida strong arm robbery has four elements: (1) taking money or property from another; (2) "with intent to either permanently or temporarily deprive the owner" of it; (3) while using "force, violence, assault, or putting [the owner] in fear"; and (4) without carrying a weapon. Fla. Stat. § 812.13(1), (2)(c). An attempted strong arm robbery occurs when a person "attempts to commit [the] offense . . . and in such attempt does any act toward the commission of [the] offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." Fla. Stat. § 777.04(1). Thus, in Florida, "[t]he crime of attempted robbery requires only the formation of an intent to take money or property of another and an overt act capable of accomplishing the

22-13759                Opinion of the Court                9

goal." *Green v. State*, 655 So.2d 208, 209 (Fla. Dist. Ct. App. 1995). Indeed, the Florida courts have recognized that "an attempted robbery [under Florida law] does not necessarily involve the use or threat of use of force." *Walters v. State*, 790 So. 2d. 483, 485 (Fla. Dist. Ct. App. 2001). So while completed robbery may always require the government to prove the defendant used, attempted to use, or threatened to use force, attempted robbery does not.

### III.

For these reasons, Metzler's sentence is **VACATED** and this case is **REMANDED** for resentencing without the career offender enhancement.