# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1627
Lower Tribunal No. CF22-008506-XX

_____

CARL REGINALD DUNLAP,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

May 22, 2026

PRATT, J.

Appellant was convicted by a jury of his peers of several crimes. He was later sentenced by a judge to prison. As part of his criminal sentence, he received an enhancement based on Florida's Violent Career Criminal ("VCC") statute. *See* § 775.084(3)(c), Fla. Stat. (2022) (VCC statute).[1] Appellant raises several issues on

---

[1] Appellant also asserts he received an enhancement based on Florida's Habitual Felony Offender ("HFO") statute. *See* § 775.084(3)(a), Fla. Stat. (HFO statute). However, the record confirms that Appellant only received an enhancement based on the VCC statute. *See generally Clines v. State*, 912 So. 2d 550, 560 (Fla.

appeal. We only write to address three: (1) whether Appellant's convictions for attempted manslaughter by act are qualifying offenses under the VCC statute; (2) whether the VCC statute is facially unconstitutional; and (3) whether the VCC statute is unconstitutional as applied. For the reasons explained below, we reject Appellant's arguments on all three issues and affirm.[2]

## I

Appellant argues that his convictions for attempted manslaughter by act are not qualifying offenses under the VCC statute and that he should therefore be resentenced. We disagree.

In this case, a jury found Appellant guilty of five crimes committed by him in 2022, including two counts of attempted manslaughter by act. Consistent with the jury's findings, the trial court adjudicated Appellant guilty of all five crimes, including two counts of attempted manslaughter by act. Relevant to this appeal, the trial court sentenced Appellant as a VCC offender based on his two convictions for attempted manslaughter by act (in light of Appellant's three pre-existing burglary convictions).

The VCC statute provides in relevant part:

(1) As used in this act:

---

2005) (holding that section 775.084 "permits the application of only one recidivist category to the defendant's sentence").

[2] We affirm on all other issues raised by Appellant without further discussion.

. . . .

(d) "Violent career criminal" means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(d), if it finds that: 1. The defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that is: a. *Any forcible felony, as described in s. 776.08*;
. . . .

3. The primary felony offense for which the defendant is to be sentenced is a felony enumerated in subparagraph 1. . . .

§ 775.084(1)(d)1.a., (1)(d)3., Fla. Stat. (2022) (emphasis added). In turn, section

776.08, Florida Statutes, provides in full:

*"Forcible felony" means* treason; murder; *manslaughter*; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and *any other felony which involves the use or threat of physical force or violence against any individual*.

§ 776.08, Fla. Stat. (2022) (emphasis added).

"Section 776.08 enumerates several forcible felonies and also includes a catch-all provision covering 'any other felony which involves the use or threat of physical force or violence against any individual.'" *State v. Hackley*, 95 So. 3d 92, 95 (Fla. 2012) (quoting § 776.08, Fla. Stat.). In *State v. Hearns*, 961 So. 2d 211 (Fla. 2007), the Florida Supreme Court reviewed and applied the test articulated in *Perkins v. State*, 576 So. 2d 1310 (Fla. 1991), for determining whether a criminal offense is a forcible felony that falls within the meaning of the catch-all provision of section 776.08. Consistent with *Perkins,* the *Hearns* court held among other things

3

that a court may not "look beyond the statutory elements of an offense and analyze the evidence in a particular case"; that "the only relevant consideration is the statutory elements of the offense"; and that "[i]f the use or threat of physical force or violence against any individual is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08." *Hearns*, 961 So. 2d at 216 (citation and internal quotation marks omitted).

Appellant admitted below that his three pre-existing burglary offenses are forcible felonies for purposes of the VCC statute, and he does not assert otherwise on appeal. So the only question remaining is whether his two convictions for attempted manslaughter by act are qualifying offenses pursuant to section 775.084(1)(d)1.a., (1)(d)3. of the VCC statute by way of section 776.08's forcible felony catch-all provision. They are for two reasons.

First, attempted manslaughter by act is a forcible felony under section 776.08's catch-all provision because the use of physical force or violence against an individual is "a necessary element of the crime" of attempted manslaughter by act. *See Hearns*, 961 So. 2d at 216. Manslaughter is the underlying substantive offense of attempted manslaughter by act. The first element of attempted manslaughter by act requires the intentional commission of an overt act that could have resulted in the death of the victim but did not result in the victim's death. *See* Fla. Std. Jury Instr. (Crim.) 6.6 ("To prove the crime of Attempted

4

Manslaughter by Act [pursuant to sections 777.04 and 782.07, Florida Statutes], the State must prove the following two elements beyond a reasonable doubt: (1) (Defendant) intentionally committed an overt act that could have resulted in the death of (victim) but did not result in (victim's) death. (2) The overt act went beyond mere preparation."); *see also* § 777.04, Fla. Stat. (attempt statute); § 782.07, Fla. Stat. (manslaughter statute). *See generally, e.g.*, *Morehead v. State*, 556 So. 2d 523, 524-25 (Fla. 5th DCA 1990) ("In every attempt, there are three essential elements: (1) a specific intent to commit a particular crime . . . ; (2) some actual overt step taken, or some overt act done, to actually commit the crime, and (3) a failure to accomplish the intent. . . . 'Overt' means open, apparent and an 'overt act' denotes some outward act in manifest pursuance of a design or intent to commit a particular crime. The 'overt act' must be adapted to effect the intent to commit the particular crime but must be more than mere preparation. Preparation generally consists of devising or arranging the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after preparations are completed. The overt act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime." (citations omitted)); *Robinson v. State*, 263 So. 2d 595, 596-97 (Fla. 3d DCA 1972) ("An attempt to commit a crime involves the idea of an incompleted act as distinguished from the complete act necessary for the crime. . . . The intent to

5

commit a crime standing alone does not amount to an attempt nor is preparation alone sufficient. The overt act must reach far enough towards the accomplishment of the desired result to amount to a commencement of the consummation. There must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter." (citations omitted)); *State v. Coker*, 452 So. 2d 1135, 1137 (Fla. 2d DCA 1984) ("The act need not be, however, the ultimate, the last proximate, or the last possible act toward consummation of the crime." (citation omitted)); *Groneau v. State*, 201 So. 2d 599, 603 (Fla. 4th DCA 1967) ("It is not, however, essential that the actor would have actually succeeded if he had followed the course of conduct upon which he had embarked." (citations omitted)). Necessarily, for a defendant's overt act to be capable of causing the death of a victim, it must involve the use of physical force or violence against the victim. Otherwise, the defendant's overt act could not result in the victim's death and no conviction for attempted manslaughter by act could occur. Stated differently, attempted manslaughter by act is a forcible felony under section 776.08's catch-all provision because it cannot be committed "without [involving] the use . . . of physical force or violence." *Hearns*, 961 So. 2d at 215.[3]

---

[3] We acknowledge that an overt act committed in furtherance of attempted manslaughter by act may or may not have reached the stage of the offense of actually applying or attempting to apply physical force or violence against a victim, as it may

6

And second, attempted manslaughter by act is a forcible felony under section 776.08's catch-all provision because attempted manslaughter by act involves a level of physical force or violence "comparable" to that of an enumerated forcible felony—i.e., manslaughter. *See Hearns*, 961 So. 2d at 219; *see also* § 776.08, Fla. Stat. (phrase "any other felony which involves the use or threat of physical force or

---

or may not be the ultimate or last possible act toward completion of the offense. We also acknowledge that a defendant who commits the offense of attempted manslaughter by act may or may not have successfully accomplished manslaughter if the defendant's conduct had been carried to ultimate fruition. Nevertheless, we believe attempted manslaughter by act necessarily "involves" physical force or violence within the meaning of section 776.08's forcible felony catch-all provision. *See* § 776.08, Fla. Stat. ("'Forcible felony' means . . . manslaughter . . . and any other felony which *involves* the use or threat of physical force or violence against any individual." (emphasis added)); *Hearns*, 961 So. 2d at 215 ("The statute does not say that a forcible felony is any felony that 'may sometimes' involve violence, or even a felony that 'frequently does' involve violence. Rather, the statute requires that the felony actually '*involves* the use or threat of physical force or violence against any individual.' (emphasis added). § 776.08, Fla. Stat. (1987). Taken in its ordinary and plain meaning, the term 'involve' means 'to contain within itself, to make necessary as a condition or result.' *Oxford American Dictionary* 349 (1980). Its general sense is 'to include.' *Id.* Thus, in the strict and literal sense required by Florida law, this language can only mean that the *statutory elements* of the crime itself must include or encompass conduct of the type described. *If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08.*" (quoting *Perkins*, 576 So. 2d at 1313)). By intentionally committing an overt act that could have resulted in the death of the victim but did not result in the victim's death, a defendant who commits an overt act in furtherance of the offense of attempted manslaughter by act sets in motion what can only—but for circumstances independent of the will of the defendant—result in the use of or attempt to use force or violence against an individual. As such, we believe attempted manslaughter by act is a qualifying offense pursuant to the VCC statute by way of section 776.08's forcible felony catch-all provision.

violence against any individual" refers back to the immediately preceding enumerated felonies). Section 776.08 enumerates "manslaughter" as a forcible felony. Manslaughter clearly involves the use of physical force or violence against an individual because it is statutorily defined as an enumerated felony. *See* § 776.08, Fla. Stat. ("'Forcible felony' means . . . manslaughter . . . ."). Manslaughter also clearly involves the use of physical force or violence against an individual because it results in the death of a victim. *See Dean v. State*, 230 So. 3d 420, 423 (Fla. 2017) ("Based on the statute, the two elements of manslaughter [under section 782.07(1)] are the unjustified or inexcusable killing of the victim and a causative link between the death and the act, procurement, or culpable negligence of the defendant." (citation and internal quotation marks omitted)); *see also* § 782.07, Fla. Stat. Because "manslaughter" is a statutorily enumerated forcible felony, it follows that "attempted manslaughter by act"—the attempted version of the same offense—constitutes "any other felony which involves the use or threat of physical force or violence against any individual." § 776.08, Fla. Stat.; *see Hearns*, 961 So. 2d at 219 (applying the ejusdem generis canon and holding that "the general phrase 'any other felony involving the use or threat of physical force or violence' should be interpreted to include only offenses which involve a level of physical force or violence comparable to that of the enumerated felonies").

We acknowledge that our interpretation of the VCC statute conflicts with the interpretation of the VCC statute reached by our sister court in *Campbell v. State*, 935 So. 2d 614 (Fla. 3d DCA 2006).[4]

In *Campbell*, which pre-dated *Hearns*, the Third District acknowledged and attempted to apply the test articulated in *Perkins*. *See generally id.* at 618-19. However, *Campbell* failed to appropriately apply the Florida Supreme Court's test. The specific criminal attempt offense at issue in *Campbell* was attempted trafficking in cocaine. *Id.* at 615. Instead of analyzing whether the use of physical force or violence against an individual is "a necessary element of the crime" of attempted trafficking in cocaine—as required by *Perkins* (and later required by *Hearns*)—*Campbell* instead analyzed the crime of "attempt" at a high level of generality disconnected from the underlying substantive offense of trafficking in cocaine and broadly held that criminal attempts do not fall within section 776.08's forcible felony catch-all provision. *See id.* at 619 ("The elements of attempt are intent to commit a crime and an overt act in furtherance of that intent. . . . Because the elements of . . . attempt do not necessarily include the use or threat of physical force or violence against any individual, [the defendant] did not qualify as a violent career criminal."

---

[4] The 2022 versions of the VCC statute and the forcible felony statute at issue in this case have not materially changed since *Campbell* considered the 2000 versions of the VCC statute and the forcible felony statute. *Compare* §§ 775.084(1)(d), 776.08, Fla. Stat. (2022), *with* §§ 775.084(1)(d), 776.08, Fla. Stat. (2000).

(citations omitted)). In doing so, *Campbell* failed to acknowledge that there is no standalone crime of attempt. Under Florida law, "[a] person cannot be convicted of the offense of attempt without necessarily proving the elements of some underlying, substantive offense." *Hurst v. State*, 257 So. 3d 1202, 1204 (Fla. 1st DCA 2018) (citing § 775.04(1), Fla. Stat.); *see Fla. Dep't of Corr. v. Gould*, 344 So. 3d 496, 510 (Fla. 1st DCA 2022) ("One needs to look to both the attempt statute and the underlying offense statute to know what the elements are."). *Campbell* also failed to acknowledge that some criminal attempt offenses, depending on their statutory elements, may necessarily "involve[] the use . . . of physical force or violence against any individual." *See* § 776.08, Fla. Stat. But more fundamentally, *Campbell* erred by failing to apply the Florida Supreme Court's test in *Perkins* (as later applied in *Hearns*) that "the only relevant consideration is the statutory elements of the offense." *Hearns*, 961 So. 2d at 216; *see generally Hearns*, 961 So. 2d at 212 (addressing whether the offense of battery on a law enforcement officer is a forcible felony pursuant to section 776.08); *Perkins*, 576 So. 2d at 1311 (addressing whether the offense of attempted trafficking in cocaine is a forcible felony pursuant to section 776.08). Notably, even though *Perkins* involved the offense of "attempted cocaine trafficking," *id.* at 1311, the *Perkins* court did not hold that criminal attempts per se cannot fall within section 776.08's forcible felony catch-all provision. Instead, the *Perkins* court analyzed the crime of drug trafficking (the underlying substantive

10

offense of attempted cocaine trafficking), rejected the State's argument that drug trafficking constituted a forcible felony pursuant to section 776.08, and articulated a statutory elements test for determining whether an offense falls within section 776.08's forcible felony catch-all provision. *See generally Hearns*, 961 So. 2d at 215; *Perkins*, 576 So. 2d at 1313-14.[5]

We respectfully disagree with *Campbell*'s conclusion that a criminal attempt offense can never qualify as a forcible felony pursuant to section 776.08. Instead, we believe that each criminal attempt offense must be analyzed pursuant to the statutory elements test articulated in *Perkins* and *Hearns* in order to determine whether the elements of the offense fall within section 776.08's forcible felony catch-all provision. Applying that test to the criminal attempt offense at issue in this case—i.e., attempted manslaughter by act—we have determined that attempted manslaughter by act indeed falls within section 776.08's forcible felony catch-all provision. Accordingly, we certify conflict with *Campbell*.[6]

---

[5] We acknowledge that attempted cocaine trafficking does not qualify as a forcible felony pursuant to section 776.08. *See Perkins*, 576 So. 2d at 1311, 1313-14.

[6] We respectfully question our sister court's interpretation of the VCC statute in *Walters v. State*, 790 So. 2d 483 (Fla. 5th DCA 2001). There, the Fifth District held that "attempted robbery does not necessarily involve the use or threat of use of force" under section 776.08's forcible felony catch-all provision, *id.* at 485, seemingly without applying the statutory elements test to the offense of attempted robbery or considering whether attempted robbery involves a level of physical force or violence comparable to that of an enumerated forcible felony—i.e., robbery.

In sum, because Appellant's convictions for attempted manslaughter by act are forcible felonies for purposes of the VCC statute, he is not entitled to a resentencing.[7]

II

Appellant argues that the VCC statute is facially unconstitutional.[8] He bases his argument on the Supreme Court's decision in *Erlinger v. United States*, 602 U.S.

---

However, because *Walters*'s holding regarding section 776.08's catch-all provision applies to the offense of attempted robbery specifically unlike *Campbell*'s holding regarding section 776.08's catch-all provision which applies to attempted offenses generally, we need not decide whether we agree with *Walters* in this case.

[7] We have determined in this opinion that attempted manslaughter by act falls within section 776.08's forcible felony catch-all provision. We leave for another day whether some or all other forms of manslaughter fall within the ambit of section 776.08, either as a statutorily enumerated forcible felony—i.e., manslaughter—or as a forcible felony under section 776.08's catch-all provision.

[8] Facial challenges to the constitutionality of statutes are disfavored and should be infrequent. *E.g.*, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008) (explaining that "[f]acial challenges are disfavored for several reasons," including because "[c]laims of facial invalidity often rest on speculation [and therefore] raise the risk of premature interpretation of statutes on the basis of factually barebones records," "[f]acial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied," and "facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution" (citations and internal quotation marks omitted)); *Sabri v. United States*, 541 U.S. 600, 608 (2004) ("[F]acial challenges are best when infrequent."). In contrast, "[a]s-applied challenges are the basic building blocks of constitutional adjudication." *Gonzales v. Carhart*, 550 U.S. 124, 168 (2007) (alteration in original) (citation omitted).

821 (2024).[9] Although not raised by Appellant below, this issue is properly raised on appeal. *See Fletcher v. State*, 415 So. 3d 147, 162 n.22 (Fla. 2025) (acknowledging that "[t]he facial validity of a statute . . . can be raised for the first time on appeal even though prudence dictates that it be presented at the trial court level to assure that it will not be considered waived" (alteration in original) (quoting *Trushin v. State*, 425 So. 2d 1126, 1129 (Fla. 1982)))[10]

---

[9] In *Erlinger*, the Supreme Court addressed a constitutional challenge to a provision of the federal Armed Career Criminal Act ("ACCA"), which increases the penalty for a felon-in-possession conviction under federal law from a maximum sentence of ten years to a mandatory minimum sentence of fifteen years and a maximum sentence of life when the defendant has three or more prior qualifying convictions for offenses committed on different occasions. *Erlinger*, 602 U.S. at 825. The Supreme Court held that the Fifth and Sixth Amendments to the U.S. Constitution require a unanimous jury (as opposed to a judge) to decide that a defendant's past offenses were committed on separate occasions under the beyond-a-reasonable-doubt standard (as opposed to under the preponderance-of-the-evidence standard) before an enhanced sentence may be imposed on the defendant pursuant to the ACCA. *Id.* at 825, 849; *see also id.* at 840 ("The Fifth and Sixth Amendments contemplate that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt." (citation, brackets, and internal quotation marks omitted)). The Supreme Court's holding in *Erlinger* was rooted in the constitutional principle that "[o]nly a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" *Id.* at 833 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *see also id.* ("[I]t is a principle . . . that does not just apply when a judge seeks to issue a sentence that exceeds the *maximum* penalty authorized by a jury's findings (or a guilty plea). It is a principle that also applies when a judge seeks to increase a defendant's *minimum* punishment."). *Erlinger* flows from the principle articulated in *Apprendi* and its progeny.

[10] Because this appeal involves a criminal proceeding rather than a civil proceeding, Appellant was not required to provide notice to the attorney general of his constitutional challenge to the VCC statute on appeal. *See* Fla. R. App. P. 9.425

Appellant's argument proceeds in two parts. First, he contends the statute violates *Erlinger* by requiring a judge and not a jury to make the necessary factual findings to impose a VCC enhancement on a criminal defendant. Second, he contends the statute violates *Erlinger* by requiring the factual findings necessary to support a VCC enhancement be found by a preponderance of the evidence rather than beyond a reasonable doubt.

We reject Appellant's two-part argument. "[S]tatutes come clothed with a presumption of constitutionality and must be construed whenever possible to effect a constitutional outcome." *Planned Parenthood of Sw. & Cent. Fla. v. State*, 384 So. 3d 67, 76 (Fla. 2024) (citation omitted). Assuming without deciding that *Erlinger* applies to the VCC statute, Appellant has not met his heavy burden to show that there are "no set of circumstances . . . under which the statute would be valid." *Statler v. State*, 349 So. 3d 873, 884 (Fla. 2022) (citation omitted); *see Abdool v. Bondi*, 141 So. 3d 529, 538 (Fla. 2014) (explaining that a statute "will not be invalidated as facially unconstitutional simply because it could operate unconstitutionally under some hypothetical circumstances"); *cf. Avalos v. State*, 419 So. 3d 299, 300 (Fla. 6th DCA 2025) (assuming without deciding that *Erlinger* applied in the context of an

---

(requiring a party to provide notice to the attorney general of a constitutional challenge to a state statute on appeal "[i]n cases not involving criminal or collateral criminal proceedings" unless "the attorney general is a party, or counsel to a party"); *see also* Fla. R. Civ. P. 1.071 (notice of constitutional challenge rule applicable to civil proceedings).

as-applied constitutional challenge to a statute and rejecting the as-applied challenge under the harmless error test). We can envision a variety of circumstances where the VCC statute could be constitutionally applied. *See Cashatt v. State*, 873 So. 2d 430, 434 (Fla. 1st DCCA 2004) (explaining that a facial constitutional challenge "must fail unless no set of circumstances exists in which the statute can be constitutionally applied"); *see also Crist v. Ervin*, 56 So. 3d 745, 747 (Fla. 2010) ("If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends." (citation omitted)); *Smalley v. Duke Energy Fla., Inc.*, 154 So. 3d 439, 441 (Fla. 2d DCA 2014) ("A facial challenge fails when a statute has a 'plainly legitimate sweep.'" (quoting *Wash. State Grange*, 552 U.S. at 449)). For example, the VCC statute could be constitutionally applied in a situation in which a jury determines beyond a reasonable doubt in a verdict form the necessary factual findings to impose a VCC enhancement on a criminal defendant. *See generally* § 775.084(1)(d), Fla. Stat. (defining the term "violent career criminal"). In that circumstance, any *Erlinger* requirement would be satisfied by the jury's factual findings and nothing would preclude the trial court from making his or her own factual findings by a preponderance of the evidence pursuant to the VCC statute. *See Chang v. State*, 423 So. 3d 437, 451-52 (Fla. 2d DCA 2025) (applying similar reasoning to uphold section 921.0021(7)(e), Florida Statutes, against a facial challenge brought pursuant to *Apprendi*). The VCC statute could also be constitutionally applied in a situation

15

in which a defendant stipulates to the necessary factual findings to impose a VCC enhancement—perhaps because he or she believes the evidence is incontrovertible. Again, in that circumstance, any *Erlinger* requirement would be satisfied by the defendant's own stipulation and nothing would preclude the trial court from making his or her own factual findings by a preponderance of the evidence pursuant to the VCC statute. *See id.* Moreover, the statute could be constitutionally applied in a situation in which a defendant knowingly, intelligently, and voluntarily consents to judicial factfinding regarding the factual findings necessary to impose a VCC enhancement. *See Gill v. State*, 14 So. 3d 946, 966 (Fla. 2009) ("Gill waived a sentencing jury in this case and, because his waiver was knowing, intelligent and voluntary, he therefore waived any challenge to his sentencing based on *Ring*."). There again, in that circumstance, any *Erlinger* requirement would be satisfied by the defendant's own consent to judicial factfinding and nothing would preclude the trial court from making his or her own factual findings by a preponderance of the evidence pursuant to the VCC statute.

In short, because circumstances exist in which the VCC statute could be applied without violating any *Erlinger* requirement, Appellant's facial constitutional challenge to the VCC statute fails.[11]

---

[11] We therefore need not reach the question of severability or the four-part test that governs a statutory severability analysis. *See generally Emerson v. Hillsborough Cnty.*, 312 So. 3d 451, 460 (Fla. 2021) ("In brief, the question [of severability] is

III

Appellant argues that the VCC statute is unconstitutional as-applied to him based on *Erlinger*. However, unlike his facial challenge, his as-applied challenge to the VCC statute is not properly raised on appeal. Simply put, Appellant never raised this as-applied challenge in the trial court below. *See Fletcher*, 415 So. 3d at 162 n.22 ("The constitutional application of a statute to a particular set of facts is another

---

whether the taint of an illegal provision has infected the entire enactment, requiring the whole unit to fail." (citation, brackets, and internal quotation marks omitted)); *Ray v. Mortham*, 742 So. 2d 1276, 1281 (Fla. 1999) (adopting the severability analysis that the Florida Supreme Court has applied to challenges to legislative enactments to challenges to state constitutional amendments and determining that "a severability analysis [was] required" and "necessary" where certain portions of a state constitutional amendment were "undoubtedly void under the United States Constitution"). We also therefore need not reach the question of whether any *Erlinger* violation in Appellant's case would otherwise be judicially remediable. *See generally State v. Manago*, 375 So. 3d 190, 203 (Fla. 2023) ("[A] trial court, on remand after making an *Alleyne* error, is not foreclosed from empaneling a jury to make a factual determination that affects the legally prescribed range of allowable sentences."); *Gaymon v. State*, 288 So. 3d 1087, 1090-93 (Fla. 2020) (discussing four different potential remedies to an *Apprendi/Blakely* violation, rejecting severability as a remedy, explaining that although the judiciary has "the inherent authority to fashion remedies" "[w]hen confronted with new constitutional problems to which the Legislature has not yet responded" "this power should be invoked only in situations of clear necessity and not lead courts to invade areas of responsibility confided to the other two branches," and holding that the appropriate remedy in that case was "remanding for resentencing with an opportunity to empanel a jury to determine the . . . issue" because "[t]his remedy is the least intrusive remedy to both safeguard defendants' Sixth Amendment rights and effectuate the Legislature's clear purpose" (citations and internal quotation marks omitted)).

matter and must be raised at the trial level." (quoting *Trushin*, 425 So. 2d at 1129-30)).[12]

Appellant's as-applied challenge to the VCC statute therefore fails.

IV

For the foregoing reasons, we affirm. We also certify this decision to be in direct conflict with *Campbell v. State*, 935 So. 2d 614 (Fla. 3d DCA 2006). *See* art. V, § 3(b)(4), Fla. Const.

AFFIRMED. CONFLICT CERTIFIED.

STARGEL, J., concurs.
WOZNIAK, J., concurs in result only.

Blair Allen, Public Defender, and J. Rafael Rodriguez, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Krystle Celine Cacci, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[12] Because Appellant's as-applied challenge is not properly raised on appeal, we need not consider whether any *Erlinger* violation in this case was harmless. *See Avalos*, 419 So. 3d at 300 (applying harmless error analysis to an as-applied challenge based on *Erlinger*); *see also Washington v. Recuenco*, 548 U.S. 212, 218 (2006) (acknowledging that "most constitutional errors can be harmless" (citation omitted)).